*Ex parte* Hodge, Administrator.

No. 607.

## EX PARTE HODGE, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Administrator's Allowance for Services.*—*Presumption that Court Heard Evidence as to.*—*Motion.*—*Practice.*—Where an administrator made a report and asked to be discharged from his administratorship, and made a charge for services in the sum of $250, and the court discharged such administrator and allowed him $30 for services rendered, on appeal from such allowance, when the record does not show to the contrary, it will be presumed that the court heard evidence from which it reached the conclusion that the services were worth only $30, and whether or not the amount allowed was such as he was entitled to receive, can not be reached by a motion to modify.

SAME.—*Administrator's Allowance for Services.*—*Discretionary with Court.*—*When not Questioned on Appeal.*—The amount to be allowed an administrator for his services is discretionary with the court, and the Appellate Court will not question the same, unless the amount appears wholly insufficient.

From the Clinton Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

*P. W. Gard* and *J. C. Farber*, for appellee.

Ross, J.—The appellant John Hodge was appointed and qualified as administrator of the estate of Samuel W. Niles, deceased, on the 22d day of November, 1881. Current reports were made by him September 3, 1883, January 16, 1886, and January 23, 1888, all of which were approved by the court. On the 6th day of August, 1889, in vacation, he filed another report, in which he asked to be discharged from further acting as such administrator, and making a charge for services rendered as such administrator in the sum of two hundred and fifty dollars, which he asked the court to allow him. This report was not acted upon by the court, but afterwards, to wit, on the 7th day of the June term, 1891, and pending the consideration of the report by the court, certain creditors of the estate filed their petition, duly verified, setting forth the fact that they were

creditors of the estate, and that said Hodge, administrator, was a nonresident of the State of Indiana, having removed from the State since his appointment, and that he was at that time a resident of the State of Illinois, and they asked that he be removed from said position as administrator. This petition was granted by the court, the administrator discharged, and his said report approved, except as to the charge made for services in administering the estate, the court allowing him for his services the sum of thirty dollars, and ordering him to pay into court, or to his successor, the sum of two hundred and twenty dollars, that being the balance in his hands, less the amount allowed him for his services, as shown by his said report. No objection was made or exception saved to the ruling of the court.

On the 32d day of the same term, a motion was filed by said Hodge, supported by affidavit, denominated a motion to modify the order of the court removing him from said trust, and to increase the allowance made him for services as such administrator. By this motion, the appellant sought to have the order for the allowance set aside, and to permit him to make proof of matters not apparent on the face of the record, and to support with evidence his claim for two hundred and fifty dollars for services. The court, it is presumed, when the record does not show to the contrary, heard evidence from which it reached the conclusion that the services rendered by the appellant were worth but thirty dollars. Whether or not the amount allowed was such an amount as he was entitled to receive can not be raised by a motion to modify. A motion for a new trial was filed, containing the statutory causes, but inasmuch as the evidence is not in the record no question is raised by the overruling of that motion. Ordinarily the allowance to an administrator for services rendered, is to be made by the court in which the trust is pending, upon such evidence as may be introduced to show the

value thereof, but such evidence is not always conclusive as to the amount to be allowed. The statute, section 2396, R. S. 1881, provides that the court may make allowance to an administrator for his services, such as the court may think just and reasonable. The question as to the amount of such allowance is left to the discretion of the court, and this court will not question the same, unless the allowance appears wholly insufficient. In making the allowance the court below has a right to take into consideration, not only the labor performed, but the faithfulness, care, and promptness exercised by the administrator in administering the estate. The record in this case does not disclose upon what the allowance made by the court to the appellant for his services was based, but it must be presumed that he allowed such a sum as he thought just and reasonable, and this court can not disturb such allowance unless the record, in some manner known to the practice, discloses that a just and reasonable allowance has not been made.

Counsel, in their brief, insist that no evidence was introduced as a basis upon which the court made said allowance. The record does not show that evidence was not heard upon that question, nor does it show that appellant offered to make any proof to sustain his claim, although the court did not pass upon his report for nearly two years after it was filed. It was his duty to make such proof as would assist the court in making him such allowance as was just and reasonable. As disclosed by this record, if the court had refused to make the appellant any allowance whatever, we think he could not complain.

We find nothing in the record in this case to warrant a reversal of the order of the court below.

Judgment affirmed.

Filed April 12, 1893.