No. 16,662.

PENNINGTON v. PENNINGTON.

SPECIAL FINDING.—*Sufficiency of Evidence.—Supreme Court Practice.*— If the finding of the court is supported by some evidence, the appellate tribunal will not disturb it.

NEW TRIAL.—*Error in Calculation of Amount Due.*—Where it appears from the findings that erroneous calculations of the sums found owing from the parties, each to the other, were made, such error is sufficient ground for a new trial.

From the Boone Circuit Court.

*S. M. Ralston, M. Keefe* and *H. C. Wills*, for appellant.

HACKNEY, J.—This was a suit by the appellant to enforce a vendor's lien for the balance of the unpaid purchase price of twenty acres of land sold by the appellant to his son, James W. Pennington. The appellee is the widow of said James, and it was alleged, and the court found, that she held the land, as a volunteer, by indirect conveyance from her husband. Upon the issues formed, the trial court rendered a special finding of facts, and stated its conclusions of law therefrom, and upon such finding and conclusions entered its decree in favor of the appellant for the sum of two hundred and six dollars and eighty-three cents.

One contention in this court is that the amount of said finding is insufficient; first, because the court found the agreed consideration for the sale to have been eight hundred dollars, when, as insisted, the preponderance

of the evidence showed it to have been nine hundred
dollars; and, second, because of erroneous calculations of
the sums found owing from the parties, each to the other.
Upon the first contention it is conceded that some evi-
dence supports the view of the court, and, with this
concession, under the admitted rule, we can not weigh
the evidence.　As to the second contention we are un-
able to escape the conclusion that the trial court's con-
clusions were more favorable to the appellee than were
warranted by the facts found. We learn from the special
findings that in September, 1885, the appellant was in-
debted to one Brown in the sum of six hundred dollars,
which was secured by a mortgage on the lands in suit
and other lands, said sum bearing interest at the rate of
eight per centum per annum, and that he was indebted
also to his said son James in the sum of three hundred
dollars upon a settlement of that date.　On that day
James purchased the twenty acre tract, agreeing to pay
therefor the sum of eight hundred dollars, said three
hundred dollars to be then applied as a credit upon said
purchase price; and it was further agreed that the bal-
ance of five hundred dollars should be paid by James in
assuming that amount of his father's said indebtedness
to Brown, with the interest thereon.　Thereafter, and
from year to year until in January, 1891, James paid,
in installments, the whole interest upon said indebted-
ness to Brown, aggregating the sum of two hundred and
forty dollars, or forty dollars more than the interest upon
the five hundred dollars so assumed by him.　At that
time a loan was procured from the Ætna Life Insurance
Company, in the sum of six hundred dollars, secured by
the obligations of the appellant, and with said sum the
indebtedness to Brown was paid by the appellant.　In
negotiating said loan the said James incurred and paid
an indebtedness of thirty dollars for commissions, but it

is not found that the same were incurred or paid with the knowledge or consent or at the instance of the appellant. It was then agreed between said appellant and James that the remaining unpaid purchase-money owing from the latter should be paid by him upon the new loan, with the interest thereon. It is further found that after said purchase, and up to June, 1891, the son did work for his father to the value of one hundred and fifty dollars, and that during said period the father supplied him pasture for large numbers of live stock, the value of which is not found. Upon these facts the court charged appellant with:

| | | |
|---|---|---|
| Interest paid Brown | $240 | 00 |
| Interest on the same | 30 | 00 |
| Work done | 150 | 00 |
| Interest on the same | 28 | 87 |
| Interest on said commission paid | 1 | 80 |
| Total charges | $450 | 67 |

And gave him credit as follows:

| | | |
|---|---|---|
| Balance on purchase-money | $500 | 00 |
| Interest on same at six per cent. from September, 1885 | 157 | 50 |
| Total credits | $657 | 50 |

Balance for which decree was given...$206 83

The trial below was concluded on the 9th day of December, 1891, or six years, two months and nine days after the sale. If the court's theory was correct, and the appellant was entitled to credit for but six per centum as interest upon said balance of purchase-money, it will be seen that, instead of $157.50, the sum of said interest was $185.75, or $28.25 more than allowed. But by what view of the findings it was proper to charge James

with less than eight per centum, at least until in January, 1891, when the new loan was secured, we are unable to conceive, since he agreed to pay five hundred dollars of the Brown debt with the interest thereon. The interest on the new loan is not found, and we are unable to estimate it. The difference between six and eight per centum from September, 1885, and January, 1891, is $52.50 on the five hundred dollars. These two items clearly illustrate the error into which the court has fallen, and it will not be necessary for us to more than refer to the error in charging the appellant with interest on the commission when the commission itself was not charged nor chargeable to the appellant. Other items we do not consider.

. The finding of the court is manifestly too small, and the exceptions to the conclusions of law are sustained, and the motion for a new trial should have been granted.

The judgment of the circuit court is reversed, with instructions to grant a new trial.

