# IN RE MEYER v. MEYER, ADMINISTRATOR.

[No. 20,474. Filed April 15, 1966.]

*Wayne O. Wimmer,* of Elwood, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Paul E. Schrenker* and *Schrenker & Anderson,* of Anderson, for appellee.

BIERLY, J.—This appeal was brought originally in the Supreme Court and assigned Cause No. 30688. In an opinion and order by Judge Myers, the cause was transferred to the Appellate Court in accordance with the provisions with the Supreme Court Rule 2-41, which reads as follows:

> "If either the Supreme Court or Appellate Court, in which an original action may be pending, decides that it does not have jurisdiction thereof, and that the other court does have such jurisdiction an order shall be made transferring the action to the proper court where it shall stand for hearing and decision as if it had originally been filed therein."

The appeal was brought by appellant to the Supreme Court on the theory that it rose from an interlocutory decree by the Madison Circuit Court, and hence the Supreme Court did have jurisdiction, pursuant to Burns' Ind. Stat., § 2-3218, 1946 Replacement, Clause 1, which reads as follows:

> "An appeal to the Supreme Court may be taken from an interlocutory order of any Circuit, Superior or Probate Court, or Judge thereof, in the following cases:
>
> "First. For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action."

There appeared a question in the mind of the appellant as to whether the action should have been taken as an inter-

locutory appeal or an appeal from a final judgment. The first sentence of the appellant's argument as stated in his brief reads as follows:

"The appellant has filed this as an interlocutory appeal, however, reserving the question as to whether this is in fact an appeal from a final judgment."

Judge Myers in his opinion and order held that the petitions for attorney fees up to the date of May 9, 1963, followed by an answer put at issue the allegations contained in said petitions. A trial was held before a special judge who made a finding and entry. Of this the Supreme Court said:

"We hold that the finding and entry of October 14, 1964, constituted a final judgment and was not an interlocutory decree. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, *What constitutes a Final Judgment,* Ch. 41, § 2152, p. 18."

Appellant, in oral argument, admitted the finality in the Supreme Court opinion and order. Pursuant to Burns' Ind. Stat., § 4-214, 1946 Replacement (Supp.), since this cause does not fall within specific classes of appeals which must be taken directly to the Supreme Court, the Appellate Court has jurisdiction of the appeal. The appeal transferred to this court was assigned Cause No. 20474.

We take the liberty of quoting with approval rather extensively from Judge Myer's opinion and order as follows:

"This is an appeal from a judgment awarding appellant, a practicing attorney, the sum of $5,000 as an additional fee for professional services rendered as attorney to the administrator of the Estate of Mary Meyer, Deceased.

"Appellant claims to have served as attorney for the Estate of Mary Meyer from June 8, 1954, to May 9, 1963. The gross value of this estate was in the neighborhood of $250,-000. Michael Meyer, Jr., appellee herein, and William Meyer were appointed as co-administrators thereof on March 19, 1956, in the Superior Court of Madison County. They con-

tinued to serve as such until June 27, 1957, when they were summarily removed without notice by the Special Judge in the case on his own motion. The Anderson Banking Company was appointed as successor administrator. It accepted the appointment and letters of administration were issued to it. The decision and order of the Superior Court was appealed to this court which reversed the trial court and remanded the proceedings with instructions to set aside the order removing appellee herein as co-administrator and for further proceedings. The date of this court's opinion is October 30, 1961, with rehearing denied on June 25, 1962. *Meyer* v. *Anderson Banking Co.* (1962), 243 Ind. 145, 177 N. E. 2d 662.

"On July 2, 1956, appellant was allowed $10,950 as attorney fees for services rendered to the estate as of that date. On November 27, 1961, he was allowed $500 for attorney services rendered in the appeal to this court. On the same date, appellant filed his petition for additional attorney fees for professional services furnished between July 2, 1956, and November 27, 1961.

"The Anderson Banking Company, as administrator de bonis non, filed its final report on May 9, 1963, and was replaced by Michael Meyer, Jr., appellee herein, as administrator in accordance with the order of this court. At this time, appellant ceased acting as attorney for the estate and was replaced by Paul E. Schrenker. On October 8, 1963, appellee, as administrator, pursuant to the filing and approval of Anderson Banking Company's final report, filed an answer to appellant's petition for fees, stating that appellant had been amply paid for his services. It is admitted that at all times during its tenure as administrator, Anderson Banking Company had asked for advice from appellant.

"On September 14, 1964, appellant filed a supplemental petition for additional fees for services allegedly rendered since November 27, 1961. Meanwhile, Hon. George B. Davis, Judge of the Hancock Circuit Court, had been selected as

Special Judge to determine all matters concerning attorney fees. There was a hearing on September 30, 1964, by the court without the intervention of a jury. On October 14, 1964, the following entry was made:

'IN THE MATTER OF THE ESTATE
OF MARY MEYER, DECEASED.

'Comes now the Court and being duly advised on the petition for allowance of additional attorneys fees for services rendered by Wayne Wimmer, which petition was filed December 8, 1961 and the supplemental petition for allowance of attorney fees filed September 14, 1964 now finds that the services rendered by said Wayne Wimmer as attorney for the administrator herein an addition to those services for which he has already been paid are of the reasonable value of $5,000, wherefore it is ordered, and adjudged that the administrator shall pay an additional fee to Wayne Wimmer for services rendered by him as attorney for said administrator in the sum of $5,000.00.

'JUDGMENT
'GEORGE B. DAVIS
'Special Judge'

"Appellant filed a motion for new trial on October 21, 1964, which stated generally that the decision was not sustained by sufficient evidence, was contrary to law, and that there were certain irregularities which prevented appellant from having a 'fair trial.'"

Appellant, due to the uncertainty as to the ruling of the Supreme Court in determining the status of the appeal as based on an interlocutory decree or on a final judgment, filed a motion for a new trial following the entry made by the trial court which motion was overruled on the same day it was filed.

"Comes now the appellant, Wayne O. Wimmer, and as and for his assignment of errors in this interlocutory appeal says that there is manifest error in the judgment and proceedings below, *prejudicial* to the appellant in this:

"1. That the decision of the court is arbitrary and capricious and that the attorney's fee of Five Thousand

Dollars allowed the appellant and petitioner was contrary to the evidence and against the preponderance of all of the evidence.

"2. That the decision is contrary to law, as the undisputed evidence was submitted to the Court by the testimony of two qualified and experienced practicing attorneys of the Madison County Bar who testified from their experience and practice, and in accordance with the minimum fee schedule the work and time involved in this estate by appellant, that the minimum additional fee should be from Thirteen Thousand to Fifteen Thousand Five Hundred Dollars, and

"3. That the decision of the Court was an abuse of discretion and that the fee of Five Thousand Dollars as allowed was contrary to the evidence submitted and produced by the petitioner-appellant at the hearing that he was entitled to an additional fee of from Thirteen Thousand to Fifteen Thousand Five Hundred Dollars and that such evidence was the only evidence produced and submitted at such hearing as to attorney fees.

"4. That this petitioner-appellant was entitled to recover and did recover, but was awarded substantially less recovery than the facts and evidence showed he was entitled to recover and there was no evidence to sustain the Court's assessment of recovery.

"5. That the decision of the Court was an abuse of discretion and was arbitrary and capricious and was contrary to all of the evidence and against the weight of all the evidence.

"6. That in the event that this Court should interpret said decision as constituting a final judgment herein, under the authority of Bahre v. Bahre, recently decided and not officially reported, the appellant herein, as an additional assignment of error, herein avers that the trial court committed manifest error in the judgment proceedings below, prejudicial to appellant in that the trial court erred in overruling the appellant's motion for new trial.

"Wherefore appellant respectfully urges that the judgment below be reversed. R. p. 1-3."

During the course of the trial evidence was introduced and witnesses were heard on behalf of both parties. In his testimony, appellant asserted he had been the attorney for the

estate from June 8, 1954 until the date of the filing, and approval on May 9, 1963, of the final report of the Anderson Banking Company, administrator de bonis non. This date of May 9, 1963, closed the employment of the appellant as attorney for said estate due to his discharge at the time the Anderson Banking Company, administrator de bonis non, was discharged as such administrator. Appellant made no claim for attorney fees beyond the trial date, and hence the trial and decision of the court finalized all rights of the parties involved as to his fees.

We restate some cardinal principles confirming this court in its procedure as are involved in the determination of this cause by the court, thus:

This court may search the record to affirm but not to reverse the judgment of the trial court. (Citations not necessary.)

"The decision of the trial court comes to us clothed with the presumption that a correct result was reached and the burden is upon the appellant here to overcome that presumption. *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136.'

"Appellant had the burden of proof to establish the material allegations of its complaint by a preponderance of the evidence. If the evidence here entitled appellant to the relief denied it, the decision of the trial court was contrary to law. In determining that question, however, 'we may consider only the evidence most favorable to the successful party, and it is only where the evidence is without conflict and leads to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as being contrary to law. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669, and cases cited.' " *A. S. C. Corporation* v. *First Nat. Bank, etc.* (1960), 241 Ind. 19, 23, 167 N. E. 2d 460.

On the 8th day of October, 1963, Defendant, Michael Meyer, as administrator de bonis non, filed his answer to the petition of Wayne O. Wimmer, for the allowance of addi-

tional attorney fees since July 2, 1956. In his petition the administrator de bonis non, set up that Wimmer had collected $10,950.00 for services to July 2, 1956, which was not allowed by the court until December 12, 1957; that the said Wayne Wimmer received an additional $500.00 for participating in an appeal and that he hired Attorney Lawrence Booram to handle the appeal at a fee of $1,500.00 for his services; that in addition the Anderson Banking Company, administrator de bonis non, had been paid $8,000.00 as a fee. The said administrator further charged negligence in the mishandling of the preparation of a federal estate tax return in which was claimed a deduction of $5,000.00 for administrator fees and $10,000.00 for attorney fees; he further alleged that the total charges for attorney fees and administration costs were far in excess to the amount set forth above, and due to that miscalculation the estate was required to pay a much higher estate tax than otherwise would have been the case, and had this been done it would have saved for the estate at least $15,000.00. The administrator further stated that the petitioner, Wayne Wimmer, had been more than amply paid for his services in said estate, and that as administrator de bonis non he would be required to pay additional attorney fees for legal services yet to be performed.

The cause was set for trial on September 4, 1964, and as heretofore set forth on September 14, 1964, the petitioner, Wayne Wimmer, filed a supplemental petition for additional attorney fees therein reciting additional duties required of him, and prayed the court that he be allowed a reasonable fee for services rendered the estate since the filing of his original petition on November 27, 1961. This closed the issues and the court having heard evidence pronounced judgment as heretofore set forth.

According to appellant's brief, twenty-two (22) exhibits were filed and admitted in evidence by the trial court. Appellant did not incorporate any of the exhibits in his brief. Instead, appellant's witness, Ruth Dunham, an employee in the

office of the Clerk of the Circuit Court, assigned as Exhibit Clerk, identified exhibits one (1) through sixteen (16) inclusive, and interpreted them. These exhibits, identified by said witness, briefly are as follows:

Exhibit No. 1: Final Report of William Meyer and Michael Meyer, Co-Administrators filed July 29, 1957.

Exhibit No. 2: Final Report of Anderson Banking Company, Administrator de bonis non, filed January 4, 1963.

Exhibit No. 3: Current Report of Anderson Banking Company, Administrator de bonis non filed February 6, 1959.

Exhibit No. 4: Co-Administrators current report and resignation of Joseph Meyer filed July 2, 1956.

Exhibit No. 5: Record of public sale of personal property filed September 23, 1958.

Exhibit No. 6: Order approving sale of personal property September 23, 1958.

Exhibit No. 7: Petition for allowance of attorney fees November 27, 1961.

Exhibit No. 8: Supplemental petition for additional attorney's fees filed September 14, 1964.

Exhibit No. 9: Petition for allowance of fees for Administrator de bonis non filed November 27, 1961.

Exhibit No. 10: Allowance order of fee for Administrator de bonis non, filed December 8, 1961, in the amount of $8,000.00 for the Anderson Banking Company.

Exhibit No. 11: Inventory of the estate filed July 8, 1954.

Exhibit No. 12: Petition for allowance of fees to administrators and their attorneys filed July 2, 1956.

Exhibit No. 13: Order on temporary allowance of attorney fees filed by Judge Caine on December 12, 1957.

Exhibit No. 14: The estate document sheets which are the court's minutes showing ninety-one (91) entrys from June 8, 1954 to the time of the hearing.

Exhibit No. 15: Order on current report and petition for partial distribution signed by Judge Caine on March 15, 1959.

Exhibit No. 16: Transcript of proceedings in Hamilton Circuit Court which was on petition to sell real estate in showing proceedings from December 17, 1956 to July 1, 1958.

Exhibits 17 to 22, inclusive were tendered and admitted into evidence. These relate to tax returns prepared by the Anderson Banking Company, Administrator de bonis non.

Appellant, Wayne O. Wimmer, took the stand in his own behalf. Three pages were given in his brief on his direct examination and fifteen (15) pages related to his cross-examination. He testified he was attorney for the estate from June 8, 1954 to May 9, 1963, at which time the court approved the Anderson Banking Company's final report. The witness further testified that at the time the Anderson Banking Company, as Administrator de bonis non was discharged in May 1963, the accumulated estate including income from the farm, sale of real estate, sale of personal property and cash amounting to $268,811.88; that since July 2, 1956, he had prepared seventy-six (76) documents, spent one hundred and thirty-five (135) days as attorney, including fifty-eight (58) days or parts of days in court, written one hundred and eighteen (118) letters and received one hundred and twenty-three (123) letters pertaining to the estate which required examination and answers. The fee of from $13,500.00 to $15,-000.00 was claimed by appellant to be reasonable for legal services rendered in addition to prior fees allowed.

On cross-examination appellant related many vexatious problems confronting the administrators de bonis non and attorneys as the proceedings in the estate were carried for-

ward through the years. He enlarged upon the conflict and bitterness that had developed among the family, the result of which prolonged settlement of the estate. The witness further testified to ancillary proceedings for which he was employed as attorney for the co-administrators who were made parties by some of the heirs in litigation having for the purpose of requiring said co-administrators to disclose property in the estate. William Meyer, as administrator, was required to bring to the hearing a suitcase full of papers concerning financial transactions in the estate. Further, a petition was filed to remove William Meyer as a co-administrator. Thus, this phase of the case was sent to Marion, Grant County on change of venue.

Of the family conflict, appellant further on cross-examination, stated in his brief, Page 31, as follows:

"They were fighting before the burial of their mother and the two brothers came in without knowledge of other heirs and opened the estate. These things were brought out before Judge Caine, and he was in on the biggest part of this litigation, except the real estate which venued out of here. Mr. Schrenker reversed Judge Caine, and Supreme Court reinstated the administrator, Michael Meyer."

Appellant further testified that though the federal estate tax was filed by him the statement was prepared by the Anderson Banking Company, and said Anderson Banking Company during the time that it was administrator de bonis non filed all tax matters in said estate, likewise paid taxes and made collections and paid all bills; that said bank was allowed a fee of $8,000. Appellant further testified that he did produce witnesses who testified that his services rendered from the date of June 2, 1956 were of the value of from $15,000.00 to $20,000.00.

Appellant on further cross-examination testified concerning the sale of land in 1954, and that some of the heirs were represented by Attorney Busby, Attorney Schrenker and Attorney Booram, who were paid for legal services by some

of the heirs to-wit: Mrs. Cochran, Mrs. Ertel and Mrs. Leisure, but no sum was paid them by the estate.

The testimony of Attorney Lawrence Busby, on direct examination, was to the effect that he was in court when Mr. Schrenker and Mr. Wimmer brought in the box with the books and records. Among these were Exhibits 17 to 22, inclusive, being tax reports for several years past. He further testified that Judge Leffler was in court for two (2) days in the production of the records, while Judge Caine was in court ten (10) times on contested matters. He further related family friction and that finally he advised his client to surrender the tenant lease held on the farm; that the Anderson Banking Company sold the farm, invested the proceeds wisely, and that after the distribution of $100,-000.00 to the heirs there remained approximately $82,000.00 in its hands.

On re-direct examination Busby testified that Clair Meyer had agreed at all times to vacate the farm and surrender his lease as a tenant when the farm was sold.

Appellant produced two (2) former Circuit Court Judges to testify as to the value of the legal services of the appellant during the time set forth in his petition. One of these witnesses Judge Russell E. Stewart testified as to the value of the legal services of the appellant exclusive of the attorney fees paid to appellant prior to this claim. He claimed knowledge of the bar rates, also he was familiar with the value of services relative to this proceedings presented as being legal services performed by appellant. Mr. Stewart answered a hypothetical question for services set forth relative to appellant's claim. His testimony concluded by stating a value of said services far in excess of the amount awarded appellant by the trial court.

Judge Gerald P. Shine, the other witness, testified he was a practicing attorney at Anderson, and a former Judge of the Madison Circuit Court. He testified that he heard Judge

Stewart's testimony. Upon presenting comprehensive testimony as to the value of services rendered by the appellant he concluded the value of the same to be somewhat less than the amount testified by Judge Stewart.

This cause of action has been in the courts for approximately eleven (11) years, and may not yet be soon terminated. By way of summarizing, we state that appellant was awarded $10,950.00, as attorney fees up to July 2, 1956, and on November 27, 1961, the court made an allowance for the appellant in the sum of $500.00, for attorney services rendered in the appeal to this court. On November 27, 1961, appellant filed a petition for additional fees for the period from July 2, 1961 to November 27, 1961. Later, on September 4, 1964, appellant filed a supplemental petition for attorney fees rendered since November 2, 1961 and ending with his discharge as attorney on May 9, 1963.

This estate had been in process of administration for a period of approximately eleven (11) years at the time the court entered judgment for the appellant in the sum of $5,000.00. Uncontradicted evidence disclosed that the major responsibility in the delay in closing said estate within a reasonable or average time rested upon the heirs due to their inability to agree which resulted in various types of litigation thereby requiring additional services by attorneys.

Appellee, in his cross-examination of appellant, Wimmer, attempted to prove payments of attorney fees far in excess of what was just and proper. Appellee found fault with the allowance of $8,000.00, as services for the Anderson Banking Company, Administrator de bonis non. Since it has been charged that banks are prohibited by law from engaging in the practice of law, the $8,000.00 payment must be considered as Administrator's fees. Appellee furthermore charged neglect of duty and mismanagement of the estate in the filing of the federal estate tax return. This return was filed in 1956, under the supervision of the Anderson Banking Com-

pany, when it acted as Administrator de bonis non of the estate. In this report it is charged that a deduction was asked for $5,000.00, as administrator's fees, and $10,000.00 as attorneys fees. Time passed wherein an amended return could have been filed thereby preventing additional administration fees and attorney fees from being taken as deductions on the federal estate tax return.

In support of appellee's position claiming mismanagement of said estate, appellees submitted questions on cross-examination relative to the filing of federal estate tax some of which are as follows:

"Q. That's right, but Wayne, I hate to go into this but on Schedule J of your deductions on your federal estate Tax you showed the five thousand dollars as the amount of the executor's commission, amount estimated and you showed the attorney fees amount estimated as ten thousand dollars. Now since that time there has been thirteen or fourteen thousand dollars worth of attorneys fees already allowed, and eight thousand dollars or more, estate fees. Isn't that right?

"A. The Anderson Banking Company was allowed an eight thousand dollar fee, yes.

"Q. Now isn't it a fact that no claims were filed before the district court or any other proper procedure so as to keep the Federal Estate Tax proposition opened up so that we could add these fees and take a deduction?

"A. Of course, under the federal estate tax law this return had to be filed within 15 months.

"Q. That's right.

"A. After the opening of the estate which was in 1955, they was—we had some hearings before the estate tax—

"Q. —Well I'm just talking about —

"A. —And you were present there representing some of the heirs, and then after the Anderson Banking Company was appointed as Administrator, they took care of all tax matters, they took care of filing all tax returns.

"Q. Well that may be true now, who—

"A. —And they took some of the fees off on the fiduciary returns, I don't know how much they—

"Q. No they didn't of course, now the trouble is now Wayne, who—if there is 30% we can get back for these heirs, allowance of fees if properly allowed, who is to take the responsibility for failure to keep the estate tax open so that we could come in with these fees, that you knew were— would be allowed, Would you tell me, please?

"A. The duty was on the Administrator, The Anderson Banking Company, they took care of all tax matters, from the time they was appointed, even went back and filed an amended returns and filed a claim for refund, which they received. . . .

"Q. . . . The estate tax return only claim five thousand, there has been thirteen thousand dollars of attorneys fees already allowed, you have only claimed ten thousand.

"A. Well that isn't my responsibility, . . . because the Anderson Banking Company took over—

"Q. You mean to say that in an estate where you don't know where it's going to end up, that you can't keep the estate tax matter open?

"A. That was up to the—the time hadn't elapsed when The Anderson Banking Company took over, and they elected to take care of all tax matters, so that was entirely up to them."

It appears to us that the contention of the appellee relative to filing the estate tax report whereby the estate tax matter should have been kept open, bears out the old adage, "That hindsight is better than foresight." The Anderson Banking Company filed a federal tax return in 1956, prepared properly by it's trust department. It is quite difficult to charge mismanagement here inasmuch as in the ordinary course of events it would have been difficult to foresee the tragic disagreements among the heirs with the resultant litigation.

We think it appears farfetched to have held the Anderson

Banking Company responsible for a breach of good judgment when it filed the federal estate tax returns in 1956, and failed to anticipate that the discord and contention among the heirs would postpone settlement of the estate for another seven (7) years, thereby creating upon the part of the estate additional attorney fees of an indeterminate amount.

In the argument portion of his brief, appellant challenges the ruling of the trial court as an abuse of discretion, and "its decision was arbitrary and capricious" in its holding that appellant was not entitled to the amount of recovery that the evidence produced had shown that he should have been awarded.

It has been held in the case *Blizzard* v. *Applegate* (1878), 61 Ind. 368, that testimony as to the value of attorney's services should be given weight according to their knowledge of worth of such services rather than because of their avocation of a like provision and the amount of recovery should be determined by the preponderance of the evidence. It is true that the Supreme Court in the case of *In Re Davis* (1932), 204 Ind. 227, 183 N. E. 547, reversed the trial court because of the failure of the trial court to conduct an open hearing on the matter of attorney fees requested by a petitioner; that in addition thereto the testimony was to the effect that much work was necessary relative to the inventory, and the selling of property, the investigation of claims, and time in administering the estate.

Where an attorney in an estate fails to disclose upon what the allowance made by the court is based, the presumption is that the court allowed such sum as he thought just and reasonable and this presumption will not be disturbed by the appeal court. *Ex parte Hodge, Administrator* (1892), 6 Ind. App. 487, 33 N. E. 980.

In the case at bar, the attorney prepared for consideration of the court numerous exhibits relative to his services from January 1957 to January 4, 1963, setting out in detail the

work performed and services rendered. Furthermore, the testimony of two honorable members of the bar who were in active practice was based upon the exhibits tendered. In *Randall* v. *Packard* (1894), 142 N. Y. 47, 36 N. E. 823, the court held that the result obtained by services of a lawyer is a proper and important element to be considered in the determination of the value of such services.

The testimony of two expert witnesses made certain deductions and conclusions based upon claimants itemized statements of services performed, which were not contradicted on cross-examination to have been wrongfully or mistakenly calculated, hence it appears that the court disregarded such testimony and in so doing abused its judicial discretion. *Pennington* v. *Pennington* (1894), 138 Ind. 8, 37 N. E. 336.

When the court allowed appellant $10,950.00 for his services in said estate to and including July 2, 1956, this disposed of any claim for attorney fees by appellant up to said date, and hence the claim for additional services presented by appellant thereafter should be determined solely without reference to services and payment therefor performed prior to said date of July 2, 1956. Further we are of the opinion that whatever payments were made for administrator's fees, expenses necessitated for any appeal and attorney fees for services prior to July 2, 1956, would be divorced from consideration in the computation of legal services for appellant subsequent to July 2, 1956.

Due to the unforeseen time that would elapse subsequent to the filing of the estate tax returns in 1956, by the Anderson Banking Company, Administrator de bonis non, we are not impressed that any subsequent federal tax liability could rightfully be chargeable to any laxity upon the part of the appellant.

Sec. 7-413 Burns' Ann. Stat. (1953 Repl.) provides that additional compensation may be allowed for his services as

attorney, and for other services not required of a personal representative. An attorney performing services for the estate at the instance of a personal representative shall have such compensation therefor out of the estate as the *court shall deem just and reasonable.* (Our emphasis.)

Rates set up and adopted by the bar association are generally specified and classified as minimum. This schedule is set up upon the theory and fact that situations may become involved whereby the minimum rates set would be *inadequate to meet the needs of fair and reasonable compensation for services rendered,* thereby authorizing a substantial sum in excess of the minimum rates. The court granted appellant compensation for services subsequent to July 2, 1956, but we think inadequate as claimed by the appellant for such services rendered.

If the court in its findings and judgment considered all attorney fees allowed various attorneys for services prior to July 2, 1956, and was also impressed as to the total fees which may be necessary up to the closing of the estate, it surely should have been considered that those costs for attorneys services were not the results of acts by the attorneys, but brought about by the heirs of the estate, occasioned by the clash of personalities, the bitterness and hatred produced by competitive and imaginary interests, which in turn prevented a harmonious agreement and therefore an early closing of the estate.

It is true that a trial court has the power to fix attorney fees in its discretion, and this court will not annul such a decree in the absence of an abuse of its discretion. *Pelkey* v. *Strom* (1963), 135 Ind. App. 163, 187 N. E. 2d 753. But the court in said opinion at Page 166, said:

"... To support his claim, there was offered and admitted in evidence, without objection, the verified claim of appellee, which set forth details of time expended and charges

therefor, as well as expenses of appellee in various and diverse matters pertaining to the affairs in the estate, over a period from 1942 to 1956. A former judge of the Porter Circuit Court, called by appellee to testify as an expert, expressed the opinion, after examining the claim and attached exhibits, that charges for the services listed therein were fair and reasonable."

In the case at bar two former circuit court judges gave expert testimony as to the value of appellants services, which testimony was not refuted by any witness or witnesses. We think the court abused its judicial discretion in the award of attorney fees to appellant.

Appellant asserts the decision of the trial court is contrary to law inasmuch as the undisputed evidence demonstrated that he was entitled to a fee considerably in excess of that awarded by the trial court. There was no conflicting evidence presented as only evidence was submitted by appellant and his witnesses. It furthermore appears that the evidence was not unrealistic as presented. Appellee sought no challenge of appellant's evidence nor the testimony of witnesses.

When undisputed evidence is of such a nature as would compel reasonable men to reach a decision contrary to that of the trial court, the decision therefore is contrary to law. *Loashe & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 78 N. E. 2d 447; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. 2d 118.

While it is true that the appellant allowed an award by the court, the denial of an adequate award was denied in such measures as being contrary to law. *Clark* v. *Corbly* (1953), 123 Ind. App. 438, 110 N. E. 2d 309.

We are of the opinion that the court's decision was in abuse of judicial discretion, and that the judgment of the trial court should be reversed.

Judgment reversed, and the cause remanded to the trial court to grant appellant's motion for new trial.

Smith, P. J., and Mote, J., concur. Hunter, J., not participating.

NOTE.—Reported in 215 N. E. 2d 556.