**In the Matter of The ESTATE OF Hilda MEGUSCHAR, Deceased.**

**Stanley DEUITCH, Marvin Deuitch and Gene Deuitch, Appellants.**

**Heirs of the Deceased and Objectors to the Petition For Fees Below,**

v.

**George B. MATHES, Appellee,**

**Attorney for the Trustee and Personal Representative of the Estate of the Deceased Below.**

**No. 60A01–8611–CV–302.**

Court of Appeals of Indiana, First District.

Aug. 3, 1987.

Rehearing Denied Sept. 18, 1987.

David P. Murphy, Wolf, Robak & Murphy, Greenfield, for appellants.

George B. Mathes, Spencer, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Marvin Deuitch, Stanley Deuitch, and Gene Deuitch appeal the trial court's award of attorneys' fees as excessive for work performed on behalf of their aunt's trust and estate. We affirm.

## FACTS

On August 13, 1981, Hilda Meguschar executed a Second Living Trust Agreement naming Owen County Bank as trustee and reserving the right to modify and revoke the trust. On September 8, 1982, Hilda executed a modification of the trust which

made it immediately irrevocable and granted the trustee:

"The sole discretion to make any and all decisions regarding my property, real and personal, and all of my financial affairs, including but not limited to management, investment, re-investment, and distribution of any and all of my said property, including principal and income . . ."

Record at 32. Both the trust agreement and modification were prepared by Hilda's attorney George B. Mathes.

On November 7, 1984, Hilda died, having named the Bank as both trustee and personal representative of her estate. Mathes served as the attorney for the Bank regarding Hilda's trust and estate. Hilda's will was entered into probate and Letters Testamentary were issued to the Bank as personal representative. However, the Owen Circuit Court later entered an Order of No Administration finding all of Hilda's assets were held by the trustee when she died.

On May 30, 1986, the Bank, as personal representative and trustee, and Mathes, as attorney for the same, filed a petition for allowance of fees executed by Gerald Wells, vice-president and trust officer for the Bank, and Mathes, setting out some of the services rendered in administration of Hilda's trust and estate. Three of the six beneficiaries consented to allow the fees. However, the other three, Marvin, Stanley, and Gene Deuitch, Hilda's nephews, filed a motion in opposition to the attorney's fees, viewing the fees as excessive. At a hearing on the matter Wells and Mathes testified as did Elmer Lyon, a Spencer, Indiana, attorney, on behalf of the Bank's and Mathes's position. Lyon, who formerly practiced with an Indianapolis firm, and whose area of practice generally has been in probate and tax matters, testified that a fee of $30,000 total for both the bank and its attorney was appropriate. Lyon based his opinion on the value of the estate, asserting his opinion that a percentage of the estate value formed the best basis for the determination of fees. The Deuitches presented no evidence whatever to contradict the testimony as to the amount of work required to be performed or the proper amount of fees.

On October 22, 1986, the trial court adopted Mathes's submitted findings of fact and conclusions of law. The court found that the Bank and Mathes had continued to perform all functions necessary to administration of the trust and estate though all assets remained in the trustee's hands. The court further found that the Bank and Mathes had offered evidence to Wells, as trust officer, based on its fee schedule, that a fair and reasonable fee for administration of the trust and estate, including responsibilities, duties, and services rendered to date and in the future in finalizing the estate and trust, would be $14,-900. Wells testified that a reasonable fee for the Bank, as trustee, based on its fee schedule was $14,900, and that, in his opinion, Mathes was entitled to a fee of $15,-000. The court noted Mathes's testimony that he had worked more than 100 hours and that there were additional services at least four times a month for which there was no accounting and that there would be additional services rendered in finalizing the estate and trust. Therefore, Mathes testified a fair and reasonable fee would be $15,000 minus $2,400 for the CPA or $12,-600. Mathes further testified, and the court found, that the federal estate tax return had been filed showing a gross estate, for tax purposes, of $727,887.40 and payment in the amount of $111,346. The Indiana inheritance tax was also filed disclosing the amount of $722,110.70 for tax purposes and payment of $47,107.76. The court found that Mathes and the Bank were completing the affairs of the trust and estate. The court then entered an order awarding $12,600 in attorneys' fees to Mathes. Thereafter, the Deuitches perfected this appeal.

## ISSUE

Whether the trial court abused its discretion in awarding $12,600 to Mathes as counsel for the trustee and personal representative.

## DISCUSSION AND DECISION

We note that the petition for allowance of fees for the Bank and Mathes encompassed fees for both the trust and the estate. No effort was made to segregate services for the trust from services for the estate. Rather, fees were sought, and allowed, in a lump sum for both activities. Since Bank and Mathes voluntarily submitted this matter to the court in that manner, and since Deuitches also participated in the fee determination matter on that basis, we voice no opinion as to the propriety of seeking a lump sum fee allowance for both the trust and the estate in a joint petition for that purpose. The parties having submitted the matter of fees to the court in such manner voluntarily, and the court having made its determination, we will confine ourselves to the propriety of the award of attorneys' fees, that being the only issue before the court.

Both trustees and executors are authorized by statute to employ attorneys and to pay reasonable fees. The Trust Code provides that a trustee is authorized to employ attorneys unless the terms of the trust provide otherwise. Ind.Code § 30–4–3–3(16). The trust instrument here involved contains no prohibition of employment of attorneys. Therefore, it was proper for the Bank to employ counsel in the administration of the trust and to pay a reasonable fee to such attorney. 76 Am. Jur.2d *Trusts* § 365 (1975). Absent a controlling statute, trust attorney's fees should be based upon the reasonable worth of such services. 76 Am.Jur.2d *Trusts* § 660.

The awarding of attorneys' fees for a personal representative is governed by the Indiana Probate Code, Indiana Code section 29–1–10–13 specifically, which provides: "An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor out of the estate as the court shall deem just and reasonable." Thus, absent testamentary compensation for at-

torneys and personal representatives, the Probate Code authorizes the court to fix reasonable attorney and executor fees. The proper amount of these fees is left to the trial court's discretion and the appellate court will not disturb such a ruling in the absence of an abuse of that discretion. *Pleska v. Zakutansky* (1984), Ind.App., 459 N.E.2d 745, 749, *trans. denied; Mikesell v. Mikesell* (1982), Ind.App., 432 N.E.2d 55, 58, *trans. denied; Matter of the Estate of Kingseed* (1980), Ind.App., 413 N.E.2d 917, 933, *trans. denied; Matter of the Estate of Newman v. Hadfield* (1977), 174 Ind.App. 537, 547, 369 N.E.2d 427, 433. Several factors may be considered to properly assess the reasonable value of fees for attorneys and executors:

> "In making the allowances the court may take into consideration the labor performed, the nature of the estate, the difficulties attending the recovery of the assets and location of heirs or devisees, settlements in the estate, the peculiar qualifications of the administrator, her faithfulness and care, and all other factors necessary to aid the court in a consideration fair to the estate and reasonable for the personal representative and attorney."

*Newman*, at 547, 369 N.E.2d at 433. In addition, in the case of attorneys' fees, we have recognized a trial judge's particular expertise in valuing such services. *Mikesell*, at 58; *Kingseed*, at 933. However, the action of the trial court in this regard cannot be beyond the bounds of reason.

The Code of Professional Responsibility, in effect at that time,[1] sets out, in Disciplinary Rule 2–105, guidelines for fees for legal services:

> "(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.
>
> "(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors

---

**1.** The Code of Professional Responsibility was abandoned and replaced by the Rules of Professional Conduct, effective January 1, 1987. Rule 1.5 of the new rules essentially includes the same considerations.

to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent."

Thus, several factors can be taken into account when determining fees, the key apparently being that they be reasonably commensurate to the time and work involved.

In discussing the matter of estate fees, Judge Staton, writing in *Pleska*, stated: "In determining the value of the services rendered by attorneys and the executor, the trial judge may consider many factors, including the labor performed, the nature of the estate, and difficulties in recovering assets. [Citations omitted.]" 459 N.E.2d at 749.[2]

The Ohio Court of Appeals stated that the determination of attorney's fees in estate matters "cannot be arrived at in a controverted case solely by the application of a predetermined formula of percentages of inventory values." *In re Love's Estate* (1965), 1 Ohio App.2d 571, 206 N.E.2d 39, 45. The court in *Love's Estate* also declared that reasonable attorney fees must be based upon the actual services performed and the reasonable value of those

services as determined from the evidence which must substantiate the award as reasonable. Such fees must be reasonable both from the standpoint of the attorney and the estate and the ultimate determination must consider all the factors relating to reasonableness. *Id.*

Therefore, it is our opinion, that while the award of attorney's fees in trust and probate matters is largely within the discretion of the court, such fees must bear a reasonable relation to the amount of services actually rendered and the reasonable value of the services. The size of the estate is a factor to be considered in determining reasonableness of fees for clearly the degree of responsibility assumed by the attorney, and oft-times the difficulty of the matters involved and the skill required to perform the necessary tasks, are directly related to the size and complexity of the estate. Nevertheless, we agree with the Ohio Court of Appeals that reasonable fees cannot be arrived at solely by the application of a percentage formula to the value of the gross estate. Thus, we turn to a consideration of the evidence before the trial court as to attorney's fees.

Testimony of other lawyers is admissible for the purpose of aiding the court in determining attorney's fees. Although the court is not bound by such testimony, it cannot arbitrarily disregard it. 31 Am. Jur.2d *Executors and Administrators* § 535 (1967). Our appellate court in *In re Estate of Meyer* (1966), 138 Ind.App. 649, 215 N.E.2d 556, held the trial court abused its discretion in disregarding the testimony of two expert witnesses who based their opinion upon the attorneys' itemized statements of services performed, which opinions were not contradicted upon cross-examination to have been wrongfully or mistakenly calculated.

In this case, Mathes testified as to his services, the hours devoted to the performance of such services, and the value of the services. Attorney Elmer Lyon, a law-

---

**2.** *Pleska v. Zakutansky* (1984), Ind.App., 459 N.E.2d 745, upheld an award of attorneys fees of $20,400 "in view of the particular circumstances, which includes a gross estate, for federal tax purposes, well in excess of $300,000."

yer with long experience in the probate field testified as to his opinion of the value of the services. This testimony was uncontradicted. The Deuitches presented no evidence contradicting the services performed or their value. In fact, they offered no evidence at all. On the state of this record, we cannot say the trial court abused its discretion in awarding Mathes $12,600 in fees.

Judgment affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.