668 N.E.2d 715 (1996)
In re the Paternity of V.M.E. and M.V.E.
Janet A. MOSS, Appellant-Petitioner,
v.
Mark W. EAGENY, Appellee-Respondent.
No. 49A02-9507-JV-397.
Court of Appeals of Indiana.
June 26, 1996.
Rehearing Denied July 10, 1996.
*716 Denise F. Hayden, Indianapolis, for appellant.
Kurt A. Young, Nashville, Alex J. Kertis, III, Rucker Bennett & Kertis, Indianapolis, for appellee.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Petitioner-Appellant J.M. appeals the trial court's determination in a paternity action involving Respondent-Appellee M.E.
We reverse and remand.

ISSUES
The following issue is dispositive: whether the trial court erred in failing to require that the children be made parties to the paternity action.

FACTS AND PROCEDURAL HISTORY[1]
In 1991, J.M. petitioned the trial court to establish paternity of V.E.[2] On December 10, 1992, she also petitioned the court to establish paternity of M.V.E. The parties agree that both petitions named M.E. as the putative father. In 1993, following consolidation of the separate actions, and M.E.'s admission of paternity, the trial court adjudicated M.E. as the father of V.E. and M.V.E. The parties agree that neither V.E. nor M.V.E. were made parties to the paternity action.
J.M. and M.E.'s subsequent interaction involving the custody and care of V.E. and M.V.E. was pervaded by rancor, distrust, and pettiness. The parties' actions culminated in a March 25, 1995, order awarding custody of V.E. and M.V.E. to M.E.
J.M. now appeals both the determination of paternity and the award of custody. As noted above, the issue of paternity is dispositive.

DISCUSSION AND DECISION
Ind.Code 31-6-6.1-2(c) mandates that "[i]n every [paternity] case, the child[ren], the child[ren]'s mother, and any person alleged to be the father are necessary parties to the action." A "necessary party" is one who must be joined in the action for a just adjudication. Matter of the Paternity of H.J.F., 634 N.E.2d 551, 552 (Ind.Ct.App. 1994). A judgment entered without the presence of indispensable parties is void; thus, a paternity suit where the children have not been joined cannot result in a valid judgment. Id. at 552-553.
*717 As noted above, the parties to this appeal agree that V.E. and M.V.E. were not made parties to the paternity action. The record shows that the caption on the petition to establish paternity of M.V.E. denominates the action as "J.M. v. M.E."; it does not name M.V.E. as a party. "[A] petition to establish paternity must show with crystal clarity that the child[ren] [are] actually [parties] to the action and not simply the subject[s] or object[s] of the action." Id. at 553 (quoting J.E. v. N.W.S. by S.L.S., 582 N.E.2d 829, 832 (Ind.Ct.App.1991), reh'g denied). In this appeal, the petition does not indicate with sufficient clarity that the children were actual parties to the action.
Because V.E. and M.V.E. were not made parties to the paternity action, we are forced to reverse and remand back to the trial court for further proceedings. We instruct the trial court to appoint a guardian ad litem to represent V.E. and M.V.E.'s interests in the future paternity proceedings. We recognize that the appointment of a guardian ad litem generally is not mandatory in a paternity case, but rather is a matter entrusted to the trial court's discretion. Matter of Paternity of A.R.R., 634 N.E.2d 786, 790. However, we further recognize that in narrow circumstances, such as when the children are not adequately represented, an appointment is required. Id.
In the present case, the very real possibility of a future award of custody to M.E. and a corresponding support obligation to J.M., coupled with the enmity between J.M. and M.E., makes it unlikely that the children's rights will be adequately represented by J.M. Accordingly, an appointment of a guardian ad litem is necessary.

CONCLUSION
We reverse the trial court's paternity determination and remand for further proceedings. We order the trial court to appoint a guardian ad litem to represent the children in the establishment of paternity. Because of the importance of the proceedings, the appointment and proceedings shall be accomplished within ninety days from the issuance of this opinion. In order to maintain stability in the children's lives, we order that the children remain in M.E.'s custody during these proceedings.
Reversed and remanded.
SHARPNACK, C.J., concurs.
CHEZEM, J., concurs in result in part and dissents in part with separate opinion.
CHEZEM, Judge, concurring and dissenting.
I concur in result, in part, because I agree with the Majority's decision to order that a guardian ad litem be appointed in this case. However, I disagree with the litmus the Majority used in arriving at that result. The Majority requires a guardian ad litem "when it is unlikely that the children's rights will be adequately represented." I believe it is incumbent upon trial courts to appoint guardian ad litems anytime in which paternity is being established in a child, be that a child born in or out of wedlock. Children born out of wedlock are no less susceptible to having their interests conflict with the other parties to the paternity action than are children born in wedlock.
I respectfully dissent with the remainder of the Majority's opinion. While I agree with the Majority that the judgment is void, I do not think, however, that it is within our purview as a court of review to order that the proceedings be accomplished within ninety days from the issuance of our opinion. Should the guardian ad litem, for example, find that more time be necessary for evaluation, it is the trial court which must make that determination. Also, the parties may at any time chose to dismiss the suit. Additionally, we overstep our bounds as an appellate tribunal when we make a determination as to temporary custody. Such fact-sensitive matters are for the trial court to determine.
NOTES
[1] Initially, we note that the record does not contain many of the court orders pertaining to this case. However, "incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." Hill v. State, 611 N.E.2d 133, 134 (Ind. Ct.App.1993); Ind.Appellate Rule 7.2(C). The record as submitted is sufficient for our review.
[2] A copy of the petition is not contained in the record. However, both parties agree that it was filed.