In re The **PATERNITY OF N.L.P.**,

**Robert S. Pendowski, Appellee–Petitioner,**

v.

**Lisa A. Sizemore n/k/a Lisa A. Brandenberg, Appellee–Respondent,**

**Jill S. Swope, Appellant–Guardian Ad Litem.**

**No. 45A03–0805–JV–226.**

Court of Appeals of Indiana.

Dec. 23, 2008.

Transfer Granted April 2, 2009.

---

404

Jill S. Swope, Sterba & Swope, LLP, Schererville, IN, Attorney for Appellant.

## OPINION

KIRSCH, Judge.

Jill S. Swope appeals the trial court's award of her fees for acting as the Guardian Ad Litem ("GAL") in the paternity case of N.L.P. between Robert S. Pendowski ("Father") and Lisa A. Sizemore, n/k/a Lisa A. Brandenberg ("Mother"). Swope raises the following restated issue: wheth-er the trial court erred when it failed to award her total fees and expenses incurred while serving as GAL.

We vacate and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

This appeal originates from proceedings that followed Father's petition to establish paternity of N.L.P. Once paternity was established, problems arose between Mother and Father regarding visitation and parenting. After Father filed a petition for contempt citation against Mother, a joint petition for GAL was filed by the parties on February 2, 2004, which requested that the trial court appoint Swope as GAL in the paternity matter. An order appointing Swope as GAL was entered the same day. At the time of Swope's appointment, the parties executed engagement agreements with her, which outlined the terms of the GAL's services, including the hourly billing rate, that the parties would be billed per quarter hour, and that they would be billed for expenses such as long-distance calls, postage, fax charges, photocopies, and other necessary charges. *Appellant's App.* at 278–79.

Swope remained involved in the paternity matter from the time of her appointment until her requested release on March 6, 2008. During this more than four-year period, she prepared and submitted two court-ordered GAL reports; made multiple home visits to both parents' households; supervised parenting time on more than one occasion; supervised parenting exchanges under order of the court; made a visit to N.L.P.'s school; reviewed parenting time records and video/audio recordings; and had conversations with therapists, school officials, teachers, law enforcement personnel, Department of Child Services personnel, staff at the supervised parenting time facility, the custo-

dial evaluator, both parents, N.L.P., and other family members. Swope also reviewed criminal investigation records, medical records, school records, therapy records, and other documents provided by the parents. Additionally, as part of her GAL responsibilities, she prepared and submitted several pleadings on behalf of N.L.P., which addressed a lack of contact between N.L.P. and Father. Further, she prepared for and attended hearings on multiple occasions including the six-day hearing in 2007 on all pending matters, in which she participated through testimony as well as cross-examination of witnesses.

On May 23, 2007, at the conclusion of the first day of the hearing on all pending matters, the trial court requested that Swope submit a summary GAL report regarding her recommendations, and a discussion occurred regarding the outstanding balance for Swope's GAL services. The trial court ordered her to do the summary report and to produce a bill for her services before the next hearing date, with which Swope complied. Additional testimony was heard in this matter on July 6, 2007, September 14, 2007, September 28, 2007, and October 23, 2007. On the final day of the hearing, Swope submitted her Request for GAL Fees, which established that as of October 23, 2007, the total sum of incurred fees and expenses was approximately $34,800.00, for which she had received payments from Father totaling $11,480.80 and from Mother totaling $2,678.32. *GAL's Ex.* BBB; *Tr.* at 425–27.

On December 27, 2007, the trial court issued its order, which found that "although the GAL has conducted a thorough investigation, the GAL fees are not reasonable." Appellant's App. at 18. The trial court based this finding on the following: (1) the fact that the GAL charges by the quarter hour and not by the tenth of an hour; (2) charges for long-distance calls, copying, and faxing should have been included as overhead; (3) the income of the parties and their ability to pay; and (4) some of the GAL's services were duplicitous of those performed by the custodial evaluator. *Id.* at 18–19. The trial court reduced the total GAL fees to $20,000.00 and ordered each party to be responsible for half of the total fees. Swope filed a motion to correct error on January 28, 2008, which was denied by the trial court. However, at the hearing on the motion to correct error, the trial court admitted that it was error for it to find that Swopes billing by the quarter hour was unreasonable. Tr. at 473, 490. Swope now appeals.

## DISCUSSION AND DECISION

■ We review a trial court's denial of a motion to correct error for an abuse of discretion. *Lighty v. Lighty*, 879 N.E.2d 637, 640 (Ind.Ct.App.2008). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it, or the reasonable inferences drawn therefrom. *Id.*

Swope argues that the trial court erred when it failed to award her the total fees and expenses that she incurred in her appointment as GAL in this paternity matter. She specifically contends that it was not unreasonable for her to charge for long-distance telephone expenses or for copying and faxing costs and that it was improper for the trial court to reduce the fee award based upon the belief that her GAL services were duplicitous of the services of the custodial evaluator. She also claims that it was improper for the trial court to reduce her fees based upon the parent's perceived ability to pay or their socioeconomic status and asserts that it was a violation of the Equal Protection Clause of the United States Constitution to expect the GAL to alter her representation

of the best interests of the child based upon the financial circumstances of the parents.

■ Initially, we note that no appellee's brief was filed in this appeal. In such a situation, we will not undertake the burden of developing arguments for the parents. *Cox v. Cantrell*, 866 N.E.2d 798, 810 (Ind.Ct.App.2007), *trans. denied.* We apply a less stringent standard of review, and we may reverse the trial court's decision if the appellant can establish *prima facie* error. *Id.* Prima facie means "at first sight, on first appearance, or on the face of it." *Id.*

■ In Indiana, a child is considered a necessary party to a paternity action. Ind.Code § 31–14–5–6. A necessary party is one who must be joined in the action for a just adjudication. In re Paternity of C.M.R., 871 N.E.2d 346, 349 (Ind.Ct.App. 2007). Indiana law recognizes that "in a paternity action, the child's interests are not necessarily the same as the interests of the parents or of the State." *In re Paternity of H.J.F.*, 634 N.E.2d 551, 553 (Ind. Ct.App.1994). The appointment of a GAL is not mandatory in every paternity action, but rather is a matter entrusted to the trial court's discretion. *In re the Paternity of M.E.*, 668 N.E.2d 715, 717 (Ind.Ct. App.1996). A GAL is appointed by the trial court to "represent and protect the best interests of a child, and provide the child with services requested by the court, including: researching; examining; advocating; facilitating; and monitoring the child's situation." Ind.Code § 31–9–2–50.

■■ Under Indiana Code section 31–14–18–2(a), the trial court may order a party to a paternity action to pay: "(1) a reasonable amount for the cost to the party of maintaining an action under this article; and (2) a reasonable amount for attorney's fees, including amounts for legal

services provided and costs incurred, before the commencement of the proceedings or after entry of judgment." As it appears that the reasonableness of the amount of GAL fees in paternity matters is a matter of first impression, we may look to other areas of the law for guidance. In probate and estate administration cases, under Indiana Code section 29–1–10–13, where no provision is made for the compensation of the personal representative and the attorney performing services for the estate, the trial court is authorized to award reasonable fees. "The amount of fees to be awarded is within the trial court's discretion and will not be disturbed absent an abuse of discretion." *Ford v. Peoples Trust & Sav. Bank*, 651 N.E.2d 1193, 1194 (Ind.Ct.App.1995). In determining a reasonable amount of fees, the trial court may consider many factors, including the labor performed, the nature of the estate, difficulties in recovering assets, the peculiar qualifications of the administrator, and all other factors necessary to aid in a consideration fair to the estate and reasonable for the personal representative and attorney. *Id.* These factors can be translated for the determination of reasonable GAL fees, in the present case, as: the labor performed; the nature of the paternity case; difficulties in performing GAL duties; the peculiar qualifications of the GAL; and all other factors necessary that would aid in a consideration that would be fair to the parents and reasonable for the GAL and the attorney.

■ Additionally, in probate matters, the trial court may consider the following guidelines for determining legal fees set out in Indiana Professional Conduct Rule 1.5:

(1) the time and labor required, the novelty and difficulty of the questions

involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the court or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

Ind. Professional Conduct R. 1.5(a). "Although the trial court must consider all factors relating to the reasonableness of a requested fee, the key is that the fees be reasonably commensurate to the time and work involved." *Ford,* 651 N.E.2d at 1195 (quoting *In re the Estate of Meguschar,* 511 N.E.2d 307, 311 (Ind.Ct.App.1987)). We believe that these factors and guidelines should be relevant when determining the reasonableness of the award of GAL fees.

■ Understandably, in this case of first impression, the trial court did not undertake an analysis utilizing any of the above factors. The trial court merely found that the GAL fees were not reasonable and listed four findings to support this. It then arbitrarily determined that $20,000.00 was a reasonable amount for the GAL fees and ordered the parties to pay that amount. We do not believe that the trial court adequately supported its determination that such an amount was a reasonable fee.

■ Nor do we believe that the amount of fees submitted by Swope was reasonable. Swope was acting as both the GAL and an attorney representing the GAL. Therefore, in her work done in this paternity matter, she was performing both legal and non-legal services. Although a significant portion of the work that Swope performed were services as a GAL, she billed her time spent performing these services at the same rate as the rate used for her services as an attorney. We do not find this to be reasonable. A GAL is oftentimes not an attorney, and a person acting as a GAL should not get an attorney's billing rate for performing GAL duties. We believe that the services performed as a GAL and the services performed as an attorney should be billed separately and at different rates. Any legal work done for the matter such as, drafting pleadings and participating in court hearings, may be billed as attorney fees. Any non-legal work done in the matter such as, supervising parenting time, home visits, and preparing GAL reports, should be billed as GAL fees at a separate rate.

■ We conclude in this case that the GAL fees were not properly determined and were not reasonable. The fees submitted to the trial court by Swope were not "reasonably commensurate to the time and work involved." *Ford,* 651 N.E.2d at 1195 (quoting *In re the Estate of Meguschar,* 511 N.E.2d at 311). Swope, acting as both the GAL and an attorney, should have billed her duties separately and differentiated between when she was performing duties as the GAL and when she was performing legal work as an attorney. The trial court found the fees to be unreasonable, but instead of engaging in an analysis of what a reasonable fee would have been, it arbitrarily chose $20,000.00 to be a reasonable amount of fees for this

paternity action. We believe that a more complete careful analysis of the duties performed is required, and we vacate the portion of the trial courts order regarding the GAL fees and remand for a careful consideration of the fees in accordance with this opinion.

Vacated and remanded with instructions.

VAIDIK, J., and CRONE, J., concur.