PELKEY, ADMINISTRATRIX, ETC. *v.* STROM.

[No. 19,362. Filed February 13, 1963. Petition for rehearing dismissed April 1, 1963. Transfer denied July 11, 1963, with opinion 191 N. E. 2d 711. Rehearing denied September 17, 1963. Petition to reconsider denied September 30, 1963.]

*Nichols & Nichols,* of Knox and *Stevens & Wampler,* of Plymouth, for appellants.

*Strom & Whitted,* of Gary, for appellee.

MOTE, P. J.—This is an appeal from the Starke Circuit Court. The evidence produced in the prolonged litigation presents the following situation: The estate of Agnes Eyke Kruzick, deceased, was opened shortly after her death on February 24, 1940, and her surviving husband, John Kruzick, was appointed administrator. He continued to serve as administrator until November 5, 1942, on which date he filed a current report and resignation. Charles Pelkey, son of the deceased, was appointed as successor personal representative, with appellee serving as his attorney. Charles Pelkey died, and his wife, Josephine Pelkey, was appointed administratrix on April 16, 1955. Appellee continued serving as such attorney until September 10, 1955, at which time Josephine Pelkey hired other counsel. Appellee was notified of the cessation of his employment on February 23, 1956. On March 26, 1956, appellee filed a petition for allowance of attorneys' fees in the sum of Ten Thousand ($10,000.00) Dollars and expenses incurred of One Thousand ($1,000.00) Dollars. An amended petition was filed March 23, 1957, by appellee, seeking an allowance of attorneys' fees in the sum of Nineteen Thousand One Hundred and Ninety Three ($19,193.00) Dollars and expenses in the sum of Three Thousand, Eighty Two Dollars and Eighty Five Cents ($3,082.85), for an aggregate of Twenty Two Thousand, Two Hundred Seventy Five Dollars and Eighty Five Cents ($22,275.85). The latter petition precipitated the litigation which resulted in this appeal. Josephine Pelkey, administratrix and appellant in this action, objected to the petition. On March 25, 1957, trial began before the court without intervention of a jury. After many interruptions, the court, on January 13, 1959, entered the following decision and judgment:

"And the Court, having heretofore heard evidence and argument of counsel on the petition for allowance of attorney fees and having taken the issue under advisement, and the Court now being duly advised in the premises, the Court now grants said petition.

"The Court now finds that the petitioner, Oscar Strom, rendered legal services to the estate as counsel fees, the personal representatives of the estate and that said services are reasonably worth the sum of $12,000.00 and said fees have not been paid.

"It is therefore ordered, adjudged and decreed by the Court that the petitioner, Oscar Strom, recover of and from the Estate of Agnes Kruzick, Deceased, the sum of $12,000.00 (Twelve Thousand Dollars) for attorney fees."

Appellants have admitted that Josephine Pelkey, individually, has no appealable interest inasmuch as there was no judgment rendered against her and, in effect, consent to dismissal as to her.

A separate and several motion for new trial by Josephine Pelkey, individually, and as administratrix of the estate, was filed on February 11, 1959. On March 7th following, and during the same term of court, the trial court set aside the judgment rendered on January 13, 1959, and on the same day he reentered the said judgment. On said March 7th, said Josephine Pelkey, individually, and as such administratrix, also filed another separate and several motion for new trial "of the issues presented by the petition" in which it was asserted that:

"(1) The decision of the court entered on the 13th day of January, 1959, is not sustained by sufficient evidence. (2) The decision of the court entered on the 13th day of January, 1959, is contrary to law. (3) Error in the assessment of the amount of recovery, the recovery being too large."

The said motion for new trial was overruled and this appeal was taken. The only error assigned is that the trial court erred in overruling the above motion for new trial.

Appellee has filed a motion to dismiss the appeal herein, supported by separate brief, to which appellant filed an answer brief and appellee filed a reply brief. Ruling on this motion was reserved until after oral argument on the merits. While very serious questions have been presented by the motion and supported by authorities, we have concluded to, and now overrule the motion.

The record in this cause tends to show that the appeal herein is without merit. To support his claim, there was offered and admitted in evidence, without objection, the verified claim of appellee, which set forth details of time expended and charges therefor, as well as expenses of appellee in various and divers matters pertaining to the affairs in the estate, over a period from 1942 to 1956. A former judge of the Porter Circuit Court, called by appellee to testify as an expert, expressed the opinion, after examining the claim and attached exhibits, that charges for the services listed therein were fair and reasonable.

Even though appellee conceded that some of the services rendered and expenses incurred, as set forth in some of the exhibits, were not directly chargeable to the estate, the aggregate of those expenses would not nearly equal the difference between the amount claimed and the amount allowed by the trial court.

It matters not what this Court may think of the allowance by the trial court, as evidenced by the judgment entered.

Only the trial court may weigh the evidence and pass upon the credibility of witnesses. If there is any

substantial evidence from credible witnesses, as determined by the trial court, or any reasonable and permissible inferences to be drawn therefrom, this Court cannot disturb the judgment for any reason assigned in the motion for new trial, the overruling of which appellant assigns as error. Authorities in Indiana are so vast in number that this statement may be considered a cliché.

This Court has no authority, as appellant requests, either to order a remittitur in a case of this character or to reduce the judgment under these circumstances, notwithstanding authorities from other jurisdiction to the contrary, and cited by appellant.

Affirmed.

Kelley, Hunter, JJ., concur; Pfaff, J., not participating.

NOTE.—Reported in 187 N. E. 2d 753. Transfer denied 191 N. E. 2d 711.