378

KAMMERER ET AL. *v.* HART, DECEASED, BY FERON
HART, ADMINISTRATOR.

[No. 19,768. Filed November 19, 1963.]

*Probst & Probst,* of Kendallville, for appellants.

*Howard S. Grimm, Jr.,* of Kendallville, for appellee.

PFAFF, J.—This action was brought by appellee's decedent against appellants. By this second paragraph of complaint he alleged that on April 13, 1960, he resided in the home of appellants Kammerer and Kammerer, and owned and possessed $520.00 in United States cur-

rency; that on said date he went to the hospital and left the money with the defendants Kammerer and Kammerer for safe-keeping; that he demanded the return of the money but it was never paid over to him; that the defendants-appellants Kammerer and Kammerer and Eva Ernsberger fraudulently appropriated the money to their own use.

Appellant Ernsberger filed an answer denying the allegations of the second paragraph of complaint. Appellants Kammerer and Kammerer filed a pleading alleging that appellee's decedent requested that he be permitted to live in their home; that he was an aged person and became ill and required full-time nursing; that he turned over to them $520.00 to be kept by them and to be used for his benefit; that during the seventeen weeks that he was in their home he damaged the bed, linens, furniture and furnishings; that they had to pay $25.00 to have a chair repaired; that they made purchases for decedent amounting to $36.91 and paid out $45.00 for ambulance service; that the care, food and nursing for the seventeen weeks was of a reasonable value of $35.00 per week, amounting to $610.00. They asked that the sums due them be set off as against any money left with them, and that they have judgment for an amount over the amount of the money left with them.

Decedent died prior to the trial and his administrator was substituted as plaintiff.

The court found against all appellants and entered judgment against them for the $520.00, and further found against appellants Kammerer and Kammerer upon their affirmative pleading.

Appellants' motion for new trial attacks the decision of the court as not being sustained by sufficient evi-

dence and as being contrary to law. This requires an examination of the evidence and inferences therefrom most favorable to appellee, much of which appears in decedent's deposition.

Decedent had eight children, including the appellants, May Kammerer and Eva Ernsberger. After his wife died in 1945, he retired and "lived around" in the homes of some of his children. Decedent became ill while living in the home of his daughter, May Kammerer, and her husband LeRoy Kammerer, and was taken to the hospital three or four times. While in the Kammerer home decedent had two pocketbooks, one containing $520.00 in bills of various denominations. This was money that he had saved from welfare checks and from money given to him by his children. When he went to the hospital the money was in his pants pocket in a wallet, and the pants were not taken with him. Decedent told the Kammerers to keep the money for safe-keeping. When decedent returned from the hospital the last time, he asked for the return of the pocketbooks, as he wanted some money, and May Kammerer brought him his little pocketbook which contained less than $4.00. He asked about the other pocketbook for about two weeks, and every time May said, "I'll fetch it up," but she never did.

While decedent was in the hospital there was a gathering of his children and their spouses at the Kammerer home for the purpose of discussing a proposed operation to be performed on decedent. Appellants were present. Appellants Kammerer and Kammerer were asked what money decedent had. Appellant Eva Ernsberger said, "You guys ain't getting this money—I've got this money and I got it downtown in a lock box and it's going to stay there."

Decedent further stated in his deposition that appellant LeRoy Kammerer did not tell him that he was going to charge decedent for anything, and there was no arrangement when decedent went to the Kammerer home that he was going to pay to stay there. Appellants Kammerer and Kammerer did testify to an agreement with decedent to pay for his keep, but the credibility of these witnesses was for the trial court to determine, as was that of the other witnesses.

While much of the testimony was in sharp conflict, the weight of the evidence and the credibility of the witnesses was for the trial court, and not this court, to determine. 2 I. L. E., Appeals, Ch. 17, §573, p. 493; Flanagan, Wiltrout & Hamilton, Indiana Trial & Appellate Practice, Ch. 56, §2786, p. 366, with cases cited.

We conclude that the decision of the trial court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Mote, C. J., Hunter and Kelley, JJ., concur.

NOTE.—Reported in 193 N. E. 2d 911.