WARD *v.* DIFFERDING ET AL.

[No. 567A3. Filed December 11, 1968. Rehearing denied March 21, 1969. Transfer denied August 11, 1969.]

*Alembert W. Brayton,* Indianapolis, and *Leroy K. New,* of counsel, Indianapolis, for appellant.

*Tony Foster, Bingham Summers, Welsh & Spilman,* of counsel, Indianapolis, for appellees.

PRIME, J.—Appellant and Appellees were associated in a business venture dealing with oil exploration. After dis-

putes arose regarding various phases of the enterprise, Appellees brought suit for injunction and an accounting, alleging in essence that Appellant had violated his position of trust by acting independently of and contrary to the interest of Appellees. Appellant cross-complained for breach of contract for Appellees' alleged refusal to pay certain sums to Appellant and others.

Upon trial without intervention of a jury, the trial court found for Plaintiff-Appellees and against Defendant-Appellant in all respects, setting forth the following findings and conclusions:

"That the plaintiffs, assignees and holders of certain oil and gas rights and interest in Zimmerman leases, are entitled to dissolution and cancellation of agreements or appointments of the defendant, as trustee, representative or attorney-in-fact for plaintiffs, and all agreements or contracts with the defendant for the operation of the Zimmerman leases, Kiowa County, Kansas, and the oil and gas business thereon.

That the certain Operator's contract, dated April 9, 1964, with its amendments, executed by defendant with himself, as attorney-in-fact for plaintiffs and others should be cancelled and null and void, and all liens asserted by defendant against the interests of plaintiffs in said leases, or oil and gas production therefrom, should be cancelled and null and void.

The Court further finds that all charges by the defendant for his expenses incurred by long distance telephone calls, for his personal travel and supervision, or for attorney's fees and expenses not heretofore paid by plaintiffs, should be disallowed and cancelled.

The Court further finds that the defendant should indemnify and hold harmless plaintiffs and other holders of interests in the Zimmerman leases from any claims asserted by holders of royalty interests in said leases for defendant's failure to preserve or sell gas produced from said leases.

The Court further finds that the defendant received and holds in trust for the plaintiffs and other lease interest holders of record July 1, 1964, the 1/4th and 1/48th in-

terests contained in lease assignments from Walters Drilling Co. and Fredie Rumbaugh in the Zimmerman leases, such assignments recorded July 24, 1964, in Misc. Record J-1 pages 392 and 393, respectively, in the office of the Recorder of Kiowa County, Kansas.

The Court further finds that plaintiffs are entitled to an accounting of defendant's operation of said Zimmerman leases and the oil and gas business therefrom and that there is due the plaintiffs from the defendant upon such accounting:

Paul M. Differding ........................$3,029.00

Harvey W. Garrett and Mary L.
Garrett, Husband and Wife ................ 4,548.50

Albert A. Nemec ......................... 6,058.00

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the agreements or appointments of defendant, as trustee, representative, or attorney-in-fact, in particular those appointments executed by plaintiffs and recorded by the defendant May 20, 1964, in the office of the Recorder of Marion County, Indiana, as follows:

Paul M. Differding .................... No. 64-24420

Albert A. Nemec ......................No. 64-24424

Harvey W. Garrett .................... No. 64-24425

and all other agreements or contracts of the defendant for the operation of Zimmerman leases for the N E 1/4 Sec. 35 N W 1/4 and S E 1/4 of the S W 1/4 of Sec. 36, S E 1/4 of S E 1/4 of Sec. 26, Twp. 27 So. Range 20 W of the 6th Principal Meridian, Kiowa County, Kansas, and the operation of production of oil and gas therefrom, in particular, a certain Operator's contract, dated April 9, 1964, with its amendments, as asserted and executed by defendant with himself, as attorney-in-fact for plaintiffs and others, and recorded in Misc. Record K-1, page 171, on March 16, 1965, in the office of the Recorder of Kiowa County, Kansas, all be and they are each dissolved, cancelled and null and void.

IT IS FURTHER ORDERED AND DECREED that all liens asserted by the defendant against the plaintiffs for expenses incurred by long distance telephone calls, for defendant's travel or supervision, or for attorneys fees and expenses, not heretofore paid by plaintiffs, shall be

cancelled, and the defendant be, and is hereby, restrained from asserting any liens against the plaintiffs or their interests in the Zimmerman leases, therefor;

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the defendant, as Lessee from Pan American Petroleum Co., Lessor, of a certain material lease number 142854 of the S 1/2 of the NW 1/4 of Section 35, Twp. 27 S, 20 W of the 6th Principal Meridian, Kiowa County, Kansas, holds the interests and rights granted by said lease, as Trustee, for the plaintiffs and other interest holders in Well No. 1 of said Zimmerman leases, in accordance with their proportionate interests in the production of said Well No. 1 upon the date of such Pan American lease.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the defendant shall hold harmless and indemnify the plaintiffs and other interest holders in said Zimmerman leases from any and all liabilities which may be asserted against plaintiffs and other interest holders by the owners of royalty interests in the oil and gas production from said Zimmerman leases, as a result of defendant's failure to preserve or sell gas produced by Well No. 2 thereon, lying within the N E 1/4 of the N E 1/4 of Section 35—Township 27 S—Range 20 W thereof.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the 1/4th interest and the 1/48th interest in said Zimmerman leases as acquired by the defendant from Walters Drilling Co. and Fredie Rumbaugh, respectively, was received by and has been and is held by defendant in Trust, and as Trustee, for plaintiffs and other interest holders in said Zimmerman lease, as of record July 1, 1964, in particular, plaintiffs' interest therein being:

Paul M. Differding ........................ 1/16th

Harvey W. Garrett ..... .................. 3/32nds

Albert A. Nemec ........................... 1/8th

of such interest as contained in and described by the assignments thereof to said defendant, as recorded July 24, 1964, in Misc. Record J-1, pages 392 and 393 respectively; further, that the defendant be and is hereby ordered and directed immediately to prepare and deliver to plaintiffs assignment of their respective proportionate shares of such interests acquired by defendant and to notify the purchasers of oil and gas production from said Zimmer-

man. leases of plaintiffs' said respective interests therein by such assignments, and secure and enter a division order or division order of transfer to effect direct payment by such purchasers to the plaintiffs for oil and gas purchased under said proportionate interests following the date of notice of this entry thereof.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant be and is hereby enjoined, and ordered to cease and desist, from representing to others, or third persons, that said defendant has the authority to represent the interests of plaintiffs in said Zimmerman leases, the oil and gas production or business conducted thereon, under any instruments with or executed by plaintiffs, and in particular, those certain instruments recorded in the Office of the Recorder of Marion County, Indiana, by the defendant on May 20, 1964, under instrument numbers:

No. 64-24420 .................. Paul M. Differding

No. 64-24424 ..................... Albert A. Nemec

No. 64-24425 ................... Harvey W. Garrett

or a certain instrument entitled "Operation Agreement" as recorded in Misc. Record K-1, page 171 in the Office of the Recorder of Kiowa County, Kansas, on the 16th day of March, 1965, and the defendant is further ordered immediately to advise all suppliers of labor and material and all third parties interested in the oil or gas production, or business conducted from said Zimmerman leases, that the defendant does not represent plaintiffs' interests and rights therein;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiffs recover of and from the defendant upon an accounting of defendant's operation of said Zimmerman leases and the oil and gas production and business therefrom, and the plaintiffs' interests therein:

Paul M. Differding ...................... $3,029.00

Harvey W. Garrett and Mary
L. Garrett, Husband and Wife ............. 4,548.50

Albert A. Nemec ....................... 6,058.00

together with their costs taxed herein at $————."

In reviewing the record before us, we are of the opinion that the trial court has diligently and exhaustively examined

the evidence before it, much of which was in conflict. It is the function of the trial court, not this court, to determine the weight to be given various bits of evidence and to pass upon the credibility of witnesses. We have consistently held that we will consider evidence and all inferences most favorable to the Appellees in order to sustain the decision of the trial court. *Kammerer v. Hart* (1963), 135 Ind. App. 378, 193 N. E. 2d 911; *Pelkey v. Strom* (1963), 135 Ind. App. 163, 187 N. E. 2d 753; *Sikora v. Barney* (1965), 138 Ind. App. 686, 207 N. E. 2d 846; *Pokraka v. Lummus* (1952), 230 Ind. 523, 104 N. E. 2d 669.

Specification one of the Motion for New Trial, that the Court erred in overruling the Demurrer to plaintiff's complaint, is not urged by the Appellee and is therefore not considered here.

The Appellant's argument addressed to the remaining Specifications in his Motion for New Trial, particularly number six, that the decision of the court on the defendant's cross-complaint is contrary to law, number seven, that the damages assessed are excessive, and number eight, that the amount of recovery is excessive, consists of contentions that the decision is contrary to law and that the amounts allowed are excessive.

There is no authority submitted that an accounting is not necessary and proper. The thrust of Appellant's argument is that the court's decision was not supported by the evidence and that the amounts allowed Appellees were excessive and denote passion or prejudice of the court. We find no indication or support of such a contention. The great number of transactions and the countless and complicated financial items considered by the trial court, present a situation where this court must rely upon the court and the proceedings below to guide it to a proper conclusion and decision. 2 I. L. E. *Appeals*, Ch. 17, § 573, p. 493; *Flanagan, Wiltrout & Hamilton*, Ch. 56, § 2786, p. 366.

We cannot substitute our opinion for that of the trial court and we find nothing in the record to indicate that the trial court's opinion and decision was opposite to that which would have been arrived at by any fair minded trier of the facts.

We do find evidence of probative value to support the decision of the trial court and its judgment is affirmed.

Judgment affirmed.

Carson, C.J., and Cooper, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 242 N. E. 2d 388.