Robert Lee PAGE, Appellant
(Plaintiff Below),

v.

Henry P. SCHRENKER, Daniel A. Roby, and David Carmany, Appellees
(Defendants Below).

No. 2–1280A413.

Court of Appeals of Indiana,
Fourth District.

Sept. 7, 1982.
Rehearing Denied Oct. 27, 1982.

James G. Holland, Indianapolis, for appellant.

Henry P. Schrenker, Anderson, Daniel A. Roby, Wyss, Mochamer Roby Ryan & Myers, Fort Wayne, David O. Carmany, Anderson, for appellees.

YOUNG, Presiding Judge.

Appellant-plaintiff Robert Lee Page appeals the judgment of the trial court ordering payment of attorney fees to appellees-defendants Henry P. Schrenker and Daniel A. Roby. The fees were to be paid from the proceeds of a judgment recovered by Page in a suit contending he was improperly dismissed from his job with the City of Anderson. Schrenker represented Page in the trial of the cause and Roby represented Page in the appeal taken by the employer.

On March 6, 1973, Page was discharged from his employment with the City of Anderson. On March 22, 1973, he entered an attorney-client relationship with Schrenker and the following agreement upon fees was reached:

"CONTINGENT FEE AGREEMENT

"Comes now Robert Lee Page and Henry P. Schrenker, and agree as follows:

"1. That Henry P. Schrenker will represent the Second Party as his attorney in litigation involving himself and the City of Anderson, over employment on the Police Department.

"2. The client agrees that he will pay to his attorney a sum equal to one-third (⅓) of any back pay recovered and will pay, in all, a total fee of One Thousand Dollars ($1,000.00), not including a One Hundred Dollars ($100.00) filing fee.

"3. The client herein, upon reinstatement, hereby agrees to permit and hereby authorizes his employer to deduct the sum of Twenty-Five Dollars ($25.00) per week from his pay until the total fee herein is fully paid.

"4. Should the litigation be unsuccessful, then the attorney herein shall retain the filing fee herein as full and final pay, and should the client herein desire to appeal, then he shall retain other counsel, and it shall not be the duty of counsel herein, and it is hereby so agreed that any appeals are not the duty or responsibility of counsel herein, and the cost of any appeal shall be borne by the client.

"DATED this 22nd day of March, 1973.

"s/ _____

Henry P. Schrenker, Attorney

"s/ _____

ROBERT LEE PAGE"

Schrenker filed a complaint against the City on March 27, 1973. Evidence was heard on August 1, 1975 without entry of any judgment. On August 7, 1975, Schrenker presented to Page another fee agreement stating that Page had no other choice but to accept it and that he could not have another attorney. That agreement provided:

"CONTINGENT FEE AGREEMENT

"Comes now Robert Lee Page and Henry P. Schrenker and agree as follows:

"1. That Henry P. Schrenker will represent the Second Party as his attorney in litigation involving himself and the City of Anderson, over employment on the Police Department.

"2. The client agrees that he will pay to his attorney a sum equal to ⅓ to [sic] any back pay recovered from this litigation.

"3. The client herein upon reinstatement, hereby agrees that the City Controller is hereby authorized to deduct ⅓ of any lump sum back pay to be paid to himself and to pay said sum to his attorney Henry P. Schrenker.

"4. Should the litigation be unsuccessful, then the attorney herein shall retain the filing fee herein as full and final pay, and should the client herein desire to appeal, then he shall retain other counsel, and it shall not be the duty of counsel herein, and it is hereby so agreed that any appeals are not the duty or responsibility of counsel herein, and the cost of any appeal shall be borne by the client.

"DATED this 7 day of August, 1975.

"s/ _____

HENRY P. SCHRENKER, Attorney

"s/ _____

ROBERT LEE PAGE, Client"

Another hearing was held on November 24, 1976. The trial court rendered its judgment on January 10, 1977 for over $37,000. Schrenker filed an attorney's lien against the judgment. Ind. Code 33–1–3–1. The City of Anderson appealed the judgment. In early October of 1977, Page hired Roby to represent him on appeal. The substance of this arrangement was set out in the following letter from Roby to Page.

"This is to confirm our conversation of October 5, 1977, at which time I advised that I would be willing to represent you during the appeal of your case against the City of Anderson on the following conditions:

"1. That a retainer fee of $2,000.00 be paid on or before January 1, 1978. This retainer fee will be credited toward any contingent fee which is later to be due from you to me. However, it is not refundable in the event that we are unsuccessful in the appeal.

"2. You are to bear the expenses of the appeal over and above the contingent fee.

"3. Attorney Henry Schrenker will be entitled to 33⅓% of the recovery following appeal, and I will be entitled to 16⅔% thereof, making the total contingent fee 50% of the recovery, less your retainer fee.

"If you have questions, please call me. I shall keep you advised. Thank you kindly."

The Court of Appeals affirmed the judgment on November 20, 1979. The judgment, which in the meantime had grown to almost $99,000 because of continued accrual of back pay and interest, was satisfied on June 16, 1980. Roby filed his attorney's lien. Page filed his objections to both Schrenker's and Roby's liens. On July 29, 1980, the court held a hearing on the liens and rendered a judgment [1] finding the liens valid in the amount of $32,942.12 for Schrenker and $16,471.06 for Roby. These sums represent one-third and one-sixth (plus expenses) of the judgment as satisfied on June 16, 1980.

---

1. The judgment was later amended, but the amendment is not material to this appeal. We also note that at the hearing, Page proceeded first with his objection to the lien. Although the order of proof is not specified in the statute, Ind. Code 33–1–3–1, it is within the discretion of the court.

Page argues that the percentages are to be based upon the January 1977 judgment, either upon the theory of quantum meruit because the agreements are invalid or upon a proper construction of the second agreement. Schrenker and Roby argue it makes no difference whether quantum meruit or construction of contract principles are involved as long as the amount of the judgment as satisfied is used.

 The existence of a valid contract between an attorney and client will control the rights of the parties, absent unconscionability. "The existence of a valid express contract for services ... precludes implication of a contract covering the same subject matter. The rights of the parties are controlled by the contract and under such circumstances recovery cannot be had on the theory of quantum meruit." *Kincaid v. Lazar,* (1980) Ind.App., 405 N.E.2d 615, 619.

 The letter from Roby to Page outlining the fee arrangements included a statement regarding Schrenker's fee. The total fees were to be one-half the recovery after appeal. The trial court, after full hearing, has determined and fixed the fees of both attorneys Schrenker and Roby at fifty per cent of the gross recovery. It has long been the law that the reasonableness of attorney fees is a matter for the sound discretion of the trial court and will be changed on appeal only when there is a clear abuse of discretion. *Mikesell v. Mikesell,* (1982) Ind. App., 432 N.E.2d 55; *Brames v. Crates,* (1980) Ind.App., 399 N.E.2d 437, 442; *In re Estate of Newman,* (1977) 174 Ind.App. 537, 369 N.E.2d 427; *In re Estate of Meyer,* (1966) 138 Ind.App. 649, 215 N.E.2d 556; *Pelkey v. Strom,* (1963) 135 Ind.App. 163, 187 N.E.2d 753.

 The fees of both attorneys were contingent upon success, and fees larger than that ordinarily received for similar work performed on a time basis are justified. Annot., 57 A.L.R.3d 475 (1974); 7 Am. Jur.2d *Attorneys at Law* § 292 (1980). Ind. Code of Professional Responsibility, Disciplinary Rule 2–106 establishes guidelines for determining the reasonableness of attorney fees in a given case some of which are:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

. . . . .

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

. . . . .

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

Schrenker's fee is supported by the evidence. We are not free to reweigh the evidence to set aside the trial court's judgment.

Page argues first that Roby is only entitled to one-sixth of the judgment as entered by the trial court because of the wording of their agreement represented by the letter. If Roby is allowed one-sixth of the judgment when satisfied, then Page argues this is excessive. Second, Page argues the agreement could be construed as calling for one-sixth of the accumulation between March 17, 1977 (date the Motion to Correct Errors was overruled) and the date the judgment was satisfied. Third, Page contends the trial court had no jurisdiction to rule upon Roby's claim because Roby did not file a lien.

 Discussing the arguments in reverse order, we look to the jurisdictional issue. Roby's lien did not appear when the record was filed with this court. After the issue was raised by Page in his Appellant's Brief, Roby filed an Addendum to the Record pursuant to the granting of a petition by this court. Therefore, the lien does appear of record.

 Page's second argument that under the agreement Roby is entitled to one-sixth

of the accumulation between the overruling of the Motion to Correct Errors and satisfaction is not in any way supported by the agreement. Such a construction is impossible based upon the language of the agreement.

Page's first argument that the agreement is ambiguous is also without merit. The agreement is not ambiguous. He cannot contend that he was not aware of the situation, that he was not reinstated and that back pay was continuing to accumulate. The agreement specifies recovery following appeal. In Roby's case, it is difficult to understand why the parties would express the fee amount in a percentage if it was to be calculated based upon the January 1977 judgment. That amount was fixed when the agreement was made and capable of ascertainment by simple calculation. For this reason, it is apparent the parties intended to base the fee on the amount as satisfied following appeal.

Page has not presented any previous contention that the one-sixth was to come out of Schrenker's one-third. We, therefore, will not address that contention as it was not asserted at trial. *Glass v. Continental Assurance Co.,* (1981) Ind.App., 415 N.E.2d 126.

█ We now consider Page's conclusion that $16,000 plus is clearly excessive. The fee was on a contingent basis with knowledge that during a successfully defended appeal and absent reinstatement, salary and interest would continue to accumulate. The value of the services as determined by the trial court can be sustained when the standards for determining an excessive fee of the ABA Code of Professional Responsibility, Disciplinary Rule 2–106, are applied. We will not substitute our opinion for that of the trial court.

We do not believe the trial court's award of attorney fees to attorneys Schrenker and Roby was a manifest abuse of discretion. On the contrary, we believe it both reasonable and just. Those were the fees for which the parties contracted and the fees which the attorneys earned when the quantum meruit yardstick is applied. Certainly no one in the judiciary has more insight into the vagaries of this case than the trial judge. He presided at the original trial and is clearly in the best position to assess the merits of the substantive issues underlying this appeal. Page has shown us no clear abuse of discretion, as he must do on appeal.

Affirmed.

CONOVER, J., concurs.

MILLER, J., concurs in result with opinion.

MILLER, Judge, concurring in result.

I concur in the result reached by the majority.

*Schrenker's Fee*

Under the facts in this case Schrenker's second contract with Page was void. It was executed *two years after the inception of and during their attorney-client relationship.* The rule in this jurisdiction is that such an agreement is presumptively invalid and the burden of proof is on the attorney to show the fairness of the transaction and that the compensation provided for in the agreement does not exceed a fair and reasonable remuneration for the services which were rendered. *Potter v. Daily,* (1942) 220 Ind. 43, 40 N.E.2d 339; *Shirk v. Neible,* (1901) 156 Ind. 66, 59 N.E. 281; *French v. Cunningham,* (1898) 149 Ind. 632, 49 N.E. 797; *Castle v. Kroeger,* (1942) 111 Ind.App. 43, 39 N.E.2d 459; Annot., 13 A.L.R.3d 701 (1967).

Here, Schrenker failed to sustain his burden of proving the contract was fair and "that he did not take any advantage of his confidential relationship," *Potter v. Daily, supra,* 220 Ind. at 56, 40 N.E.2d at 343. The only evidence in this regard, as noted by Judge Young, was testimony by Page that he was coerced into agreeing to the contract, was informed he had no other choice, and was not allowed to employ another attorney at that stage of the proceedings. Thus, it is apparent, among other things, that Page was deprived of any bargaining position he may have had with Schrenker in

fixing a percentage fee *less* than the 33⅓% demanded by Schrenker. Clearly, he was also foreclosed from seeking or negotiating with any other attorney.

However, Schrenker was not without relief. Although he failed to meet his burden of establishing the fairness of the agreement, he was still entitled to fees on a *quantum meruit* theory. *French v. Cunningham, supra.* * Here, the finding by the trial court was a general one that the amount of Schrenker's lien of ⅓ of the judgment was "reasonable." The trial court could have based its decision upon evidence presented by attorney Al S. Woolbert relating to the reasonableness of attorney's fees. Since Page makes no cogent argument showing us how this testimony could not have been the basis for the court's judgment, I concur in the result reached by the majority herein.

*Roby's Contract*

I agree with the majority that Roby's agreement with Page was not ambiguous. Further, Page's reliance on *Shirk v. Neible, supra* as impressing upon Roby the burden to show his contingent fee was not excessive, is misplaced. In *Shirk* the court placed that burden on the attorney because the attorney was trying to enforce a contract negotiated *after* he had been employed for some period of time (as was the case here with Schrenker). Here, Roby was attempting to enforce his original, armslength contract. A 50% contingency fee contract, where there have been prolonged trial and appellate proceedings, is not clearly excessive. *Matter of Innkeepers of Newcastle, Inc.,* (7th Cir. 1982) 671 F.2d 221.

---

* Page, at trial and in his appellate brief, asserted his theory that Schrenker was entitled to *quantum meruit, citing French v. Cunningham, supra.* Thus, this issue is before this Court. Arguably, under the facts of this case, Schrenker may have been entitled only to the fee set in his original contract. This theory was *not* presented to the trial court nor to this Court and is therefore waived.