637 N.E.2d 1365 (1994)
Arnold H. LANDIS, Appellant-Petitioner,
v.
Sandra R. BROOKS and Joel Brooks, Co-Personal Representatives of the Estate of Henrietta Brooks, Appellees-Co-Personal Representatives.
No. 82A04-9203-CV-39.
Court of Appeals of Indiana, Fifth District.
July 28, 1994.
Rehearing Denied October 17, 1994.
Arnold H. Landis, pro se.
Sheila M. Corcoran, Evansville, for appellees.
BARTEAU, Judge.
Arnold H. Landis appeals the trial court's judgment awarding him $7,342.11 in attorney fees and expenses, arguing that the judgment is contrary to the evidence.
We reverse.

FACTS
Donna Miller ("Miller") was divorced in 1985 in Chicago, Illinois. In September, 1990, Miller retained Landis, an Illinois attorney, to represent her in certain post-dissolution matters. Miller suffers from multiple sclerosis and requires around-the-clock care. Her mother provided this care for her after the divorce until the mother's death on August 13, 1990. Miller then petitioned for an increase in support alleging continuing change in circumstances and sought to have the around-the-clock care she required determined a medical expense as defined in the divorce decree. Her former husband opposed the imposition of any obligation for Miller's expenses for in-home care, denying that the expense was a medical expense and denying that there was a change in circumstances necessitating a support modification. He also filed a petition seeking a reduction in his support obligation alleging a worsening of his financial circumstances.
When Miller retained Landis on September 5, 1990, she paid him a $2,000 retainer and orally agreed to pay him attorney fees at the rate of $135 per hour. On February 1, 1991, when Landis and Miller met at the courthouse for a hearing, Landis presented *1366 Miller with an Acknowledgment and Assignment. Miller executed the document, acknowledging that she retained Landis as her attorney, that she paid a $2,000 retainer, that she owed Landis $6,443.73 for fees and costs incurred through January 28, 1991, and that she was responsible for paying Landis's fees at the rate of $135 per hour. This document also assigned to Landis Miller's right to receive any distribution from the estate of her deceased mother, which was being probated in Vanderburgh County, Indiana. Landis received a continuance of the modification hearing and it was reset for April 18, 1991. Landis withdrew his representation on April 18, 1991, prior to the scheduled hearing. On September 24, 1991, Landis sent Miller a final bill for $14,820.11 ($15,000 attorney fees plus $1,820.11 in expenses less the $2,000 retainer).
On July 28, 1992, Sandra R. Brooks and Joel Brooks, as co-personal representatives of the estate of Henrietta Brooks, filed their final accounting in the Vanderburgh Superior Court, Probate Division. Landis filed an objection to the final accounting because it did not include a disbursement to him. He claimed he was due $14,820.11 from the estate pursuant to the assignment signed by Miller. The trial court found that Landis's claim for attorney fees in the amount of $15,000 was "unreasonable in light of the relatively short time he represented [Miller], the matter was not unusual in nature and there was never a hearing on the substantive issues in the matter handled on behalf of [Miller]... ." The trial court awarded Landis $5,500 in attorney fees and $1,842.11 in expenses, representing, together with the $2,000 retainer previously paid, one-half of the attorney fees charged to Miller and all of the expenses and costs.[1]
Landis and Miller were the only witnesses at the hearing on Landis's claim against the estate. Landis testified that representing Miller entailed "a lot of discovery" and several court appearances. Landis introduced into evidence an itemized statement of his bill to Miller, reflecting the work he performed for her but not the actual time spent on each item. He stated he was admitted to the Illinois bar in 1974 and has had a general practice of law since 1980, spending a lot of time on family law matters. Landis also testified that the customary charge in Chicago for the work required for Miller was in a range from $135-175 per hour and that the work for Miller required immediate attention and involved difficult legal issues.
The only other evidence pertinent to attorney fees was Miller's testimony that Landis did not get results for her, she only talked to him on the telephone about thirty times although she called him at least a hundred times, that he made three court appearances, and that he did not give the matter quick attention. She also testified that he withdrew from the case on April 18, 1991, because she insisted upon going ahead with the scheduled hearing date and he was not ready. Landis testified that he wanted a continuance for that hearing because he did not have the evidence he needed to prove that all of Miller's expenses were medically necessary. He was without this evidence because Miller would not go to see the doctor who Landis needed to testify. Because Miller insisted on proceeding with the hearing without the necessary evidence, Landis withdrew his representation.
We heard oral argument on May 5, 1994, in DuBois County.

DISCUSSION
Landis argues that he is entitled to recover his fees pursuant to the acknowledgment and assignment executed by Miller and that the evidence does not support the trial court's determination that his claim for attorney fees was unreasonable. Miller argues that the trial court correctly determined a reasonable fee for Landis on the basis of quantum meruit.
Landis had a contract for an hourly rate to compensate him for services rendered. In an hourly rate contract, the value, whether or not reasonable, of the services rendered to *1367 any particular date can be determined by the number of hours Landis had spent on work for Miller. In a similar case, Community State Bank v. O'Neill (1990), Ind. App., 553 N.E.2d 174, the attorney submitted a bill for legal services based upon an oral agreement with the client to pay an hourly rate. The client refused to pay the full amount billed, contesting the value of the services. To prove the reasonableness of the fee at trial, the attorney presented evidence on each of the factors listed in Ind. Professional Conduct Rule 1.5(a).[2] The trial court awarded the attorney less than the amount billed, based on a consideration of Prof.Cond.R. 1.5(a). No issue was raised as to the appropriateness of the trial court's fee computation. The issue was whether the trial court properly awarded pre-judgment interest. The client argued that the trial court erred because the amount it owed the attorney was not ascertainable in accordance with fixed rules of evidence and known standards of value. This court rejected that argument, stating,
... O'Neill presented evidence of his total hours spent on the Streets litigation, and his claim for damages was merely that figure multiplied by the hourly rate used. That the trial court did not agree with the hourly rate O'Neill claimed does not alter the fact that the damages were ascertainable by computation.
Id. at 177-178.
O'Neill illustrates the proper relationship between a fee agreement based upon on hourly rate and Prof.Cond.R. 1.5(a). When an attorney seeks to recover a fee based on a certain number of hours worked and pursuant to an agreement to be paid so much per hour and a dispute arises as to the reasonableness of that fee, the trial court must measure the reasonableness of the fee calculated pursuant to the agreement against the factors listed in Prof.Cond.R. 1.5(a), rather than disregarding the fee agreement and applying the theory of quantum meruit. It has long been the law that
[t]he existence of a valid express contract for services ... precludes implication of a contract covering the same subject matter. The rights of the parties are controlled by the contract and under such circumstances recovery cannot be had on the theory of quantum meruit.
Page v. Schrenker (1982), Ind. App., 439 N.E.2d 694, 697 (quoting Kincaid v. Lazar, (1980), Ind. App., 405 N.E.2d 615, 619). In Page, this court rejected application of quantum meruit where the parties had agreed upon a contingent fee and the contract had been completed, but did subject the reasonableness of the fee to the factors listed in Ind. Code of Professional Responsibility, Disciplinary Rule 2-106 (superseded by and identical to Prof.Cond.R. 1.5(a)).
In contrast, in Estate of Forrester v. Dawalt (1990), Ind. App., 562 N.E.2d 1315, reh'g denied, relied upon by Miller, no value of the attorney's services could be determined from the agreement and thus a reasonable attorney fee was awarded on the basis of quantum meruit. The fee agreement at issue was for a fixed fee for the total services to be rendered. The attorney was discharged before the services had been completed, so clearly the attorney had not earned the total fee agreed to by the client. Because there was no agreement as to the fee to be paid for less than the complete services anticipated, the court applied quantum meruit principles to determine a reasonable fee for the attorney. *1368 Other cases in which quantum meruit was applied are likewise distinguishable. See, e.g., Jennings v. Backmeyer (1991), Ind. App., 569 N.E.2d 689 (attorney-client relationship ended before attorney could complete performance under a fixed fee agreement; attorney entitled to reasonable value of services under quantum meruit); Kizer v. Davis (1977), 174 Ind. App. 559, 369 N.E.2d 439 (quantum meruit principles applied in absence of fee agreement). Here, the trial court did not appear to measure the reasonableness of the agreed upon fee, but rather seems to have disregarded the fee agreement and applied quantum meruit as if no fee agreement existed. In addition, the trial court's determination that Landis's fee is unreasonable is contrary to the evidence.
Landis presented the following evidence relevant to the factors to be considered under Prof.Cond.R. 1.5(a): his hourly fee of $135 was at the low end of the range customarily charged in Chicago for similar services, he had vast experience in this area of the law, a great deal of discovery was conducted, representation of Miller occupied a great deal of Landis's time, the issues involved were complicated, and the case had an emergency status. There is no evidence in the record that contradicts the evidence presented by Landis. The only evidence presented by Miller to dispute the reasonableness of Landis's fee was her own testimony that Landis did not get results for her. It was also revealed that some items on the bill were double entries.
Clearly, the trial court's finding that the agreed upon fee is unreasonable because the case was not unusual and the representation was for a short time has no factual basis. There is simply no evidence in the record disputing Landis's testimony that the case involved complex legal issues and required immediate extensive attention. Further, that Landis, before withdrawing from the case, did not present the case on its merits in a hearing due to his client's failure to see the doctor does not support a finding that the fee is unreasonable. Landis presented evidence that his fee was reasonable and Miller, with the exception of the double entries on the statement, did not present contrary evidence.
The trial court's judgment is contrary to the law and evidence. Therefore, we reverse the judgment and remand with instructions to determine the amount, if any, that was double billed and adjust the fee accordingly.
RILEY, J., concurs.
CHEZEM, J., dissents with opinion.
CHEZEM, Judge, dissenting.
I respectfully dissent because the majority disregards the standard of review which it purports to follow. When a judgment is is attacked as being contrary to law or the evidence, the reviewing court may neither weigh the evidence nor assess the credibility of witnesses. Nylen v. Park Doral Apartments (1989), Ind. App., 535 N.E.2d 178. This court on appeal may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. Id. It is only where the evidence and inferences so considered lead to but one conclusion, and the trial court had reached a contrary conclusion, that the judgment will be disturbed as being contrary to law. Id.
I agree with the majority that when an attorney and client have contracted for services at an hourly rate, and the attorney is discharged prior to the completion of the matter, the attorney's fee is to be determined by measuring the reasonableness of the fee calculated pursuant to the agreement against the factors listed in Ind. Professional Conduct Rule 1.5(a).[3] I disagree, however, with *1369 the majority's assertion that trial court here failed to make this determination when it found that the $15,000 attorney fee charged by Landis was unreasonable.
The evidence most favorable to the judgment shows that Landis represented Miller from September 5, 1990 to April 18, 1991, approximately seven and one-half months. Miller had hired Landis to pursue a modification of her support agreement, as she needed in-home nursing care because of her multiple sclerosis. Evidence was presented that the matter never went to hearing during Landis' representation. Miller testified that a hearing that was set for February 1, 1991, but that it did not take place because on that date, after she executed the assignment in the corridor, Landis entered the courtroom and obtained a continuance for lack of preparedness. The hearing was reset for April 18, 1991. Shortly before the April 18th hearing date, Miller and Landis spoke. Landis told Miller that she should not come to Chicago, as he was not ready for the hearing. Miller told Landis she was going to be there even if he wasn't. Landis met Miller at the courthouse and attempted to persuade her not to proceed. When Miller insisted on going forward, Landis withdrew.
It is apparent from the trial court's order that the factors listed in Ind. Professional Rule 1.5(a) were considered against the $15,000 fee Landis billed Miller. The trial court determined that a fee of $15,000 was "unreasonable in light of the relatively short time [Landis] represented [Miller], the matter was not unusual in nature and there was never a hearing on the substantive issues."
The majority cites to that evidence in the record, given exclusively by Landis, to support their reversal of the judgment. Landis testified that he had vast experience in post-dissolution matters, that much discovery was conducted, and that the case was of emergency status.[4] However, what the majority does is simply reweigh the evidence and assess witness credibility in contravention of our standard of review. While the evidence in this case may have been sufficient to support a judgment in favor of Landis, that is not the only conclusion which the evidence and the reasonable inferences drawn therefrom supports. It is the prerogative of the trial court, not this court, to weigh conflicting evidence. It is only where the evidence presented leads to a conclusion opposite than the one reached by the trial court that a judgment will be reversed. This is not such a case here.
Because the judgment is not contrary to the law or evidence, I would affirm the trial court.
NOTES
[1] We note that the evidence admitted at trial reflects a claim for expenses and costs in the amount of $1,820.11. Thus, the trial court erred in awarding Landis $1,842.11 for expenses and costs.
[2] Ind. Professional Conduct Rule 1.5(a) provides:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
[3] I disagree with the statement earlier in the majority opinion that "the value, whether or not reasonable, of the services rendered to any particular date can be determined by the number of hours Landis had spent on work for Miller." (emphasis added). Majority at 1366-67. While the price of a good or service may be unreasonable, I fail to see how anything can have an unreasonable value. See Moelering v. Smith (1893), 7 Ind. App. 451, at 454-55, 34 N.E. 675, at 676 (evidence concerning the cost incurred in quarrying stone was inadmissible, as the relevant inquiry was the market value of the stone; "It is not made to appear how the cost of preparing an article for market would affect the value thereof, ... If the seller is fortunate enough to secure his labor for little or nothing, it will not diminish the value of the article. As well might it be claimed that the fact that an article had been presented to the owner as a gift made it less valuable in the market."). The value of an attorney's services is not conclusively determined by the amount an attorney bills her client, even when that amount is based on the simple mathematic calculation of hourly rate multiplied by hours worked. An attorney's fee must in all respects be reasonable. See Ind. Professional Conduct Rule 1.5(a), supra.
[4] It is curious, as it apparently was to the trial judge, that one so accomplished as Landis is in post-dissolution matters would need to spend as much time as he did conducting research and discovery on a not so novel issue, at least to the experienced practitioner.